BARBARA M. McQUEEN, Indiv. and as Mother and Next Friend of Theresa McQueen, *et al.*, Plaintiffs-Appellants, *v.* RALPH ERICKSON, Defendant-Appellee.—(HARDING REAL ESTATE COMPANY, Defendant.)

Second District   No. 77-272

Opinion filed July 11, 1978.

Percival Thompson, of Thompson & Thompson, of Long Grove, for appellants.

Kell, Conerty & Poehlmann, of Woodstock, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Plaintiffs-appellants, Barbara M. McQueen, individually and as mother and next friend of Theresa and Gregory McQueen, minors, and Terry F. McQueen, hereinafter plaintiffs, filed an amended complaint against defendant-appellee, Ralph Erickson, hereinafter defendant, for injuries and damages incurred when the automobile which Terry McQueen was driving and in which the other plaintiffs were passengers collided with one or more of defendant's horses which had escaped and had run out onto Illinois Route 120 in McHenry County. Count I of plaintiffs' complaint against the defendant and count II of their amended complaint against Harding Real Estate Company (who is not a party to this appeal) were predicated on the statute commonly referred to as the Domestic Animals Running at Large statute (Ill. Rev. Stat. 1973, ch. 8, par. 1) (hereinafter the running at large statute). Subsequently, in another amended complaint, plaintiffs filed an additional count III against the defendant, Ralph Erickson, only, based on the statute commonly known as the "dog-bite" statute (Ill. Rev. Stat. 1973, ch. 8, par. 366). In this count, plaintiffs asserted that their injuries and damages were sustained without any provocation on plaintiffs' part when they were conducting themselves

in a peaceable manner, at a place where they were entitled to be, whereupon defendant's horses ran into and against the automobile which Terry McQueen was driving and in which the other plaintiffs were riding. On defendant's motion, the trial court dismissed count III of plaintiffs' complaint and further found that it was a final order as to count III and that there was no just reason to delay an appeal of this order. Plaintiffs appeal.

The sole question on appeal concerns the scope and legislative intent of the "dog-bite" statute (Ill. Rev. Stat. 1973, ch. 8, par. 366) as it was amended in 1973 to encompass "other animals" besides a dog. After a review of the record and briefs, we determine that the legislature by this amendment did not intend to change the scope and general applicability of the "dog-bite" statute to envelop a situation where domestic animals, such as horses, were running at large, and we affirm the judgment of the circuit court of McHenry County.

The "dog-bite" statute, enacted in 1949, initially was only applicable to dogs and provided, prior to its amendment, as follows:

> "If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. The term 'owner' includes any person harboring or keeping a dog. The term 'dog' includes both male and female of the canine species." (Ill. Rev. Stat. 1971, ch. 8, par. 12d.)

Subsequently, in 1973, this statute was amended to provide that:

> "If a dog *or other animal,* without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog *or other animal* is liable in damages to such person for the full amount of the injury sustained." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 8, par. 366.

The courts have uniformly found in interpreting the "dog-bite" statute, both before and after its mentioned amendment, that the following elements must be proved: injury caused by a dog owned or harbored by the defendant; lack of provocation; peaceable conduct of the person injured; and the presence of the person injured in a place where he has a legal right to be. (*Nelson v. Lewis* (1976), 36 Ill. App. 3d 130, 344 N.E.2d 268; *Siewerth v. Charleston* (1967), 89 Ill. App. 2d 64, 231 N.E.2d 644; *Messa v. Sullivan* (1965), 61 Ill. App. 2d 386, 209 N.E.2d 872; *Beckert v. Risberg* (1964), 50 Ill. App. 2d 100, 199 N.E.2d 811, *rev'd on other grounds* (1965), 33 Ill. 2d 44, 210 N.E.2d 207.) However, none of the Illinois courts have considered the question presented here concerning the scope and intent of the "dog-bite" statute as amended to apply to "other animals"

(Ill. Rev. Stat. 1973, ch. 8, par. 366) or its construction in relation to other animal statutes, particularly the domestic animals running at large statute (Ill. Rev. Stat. 1973, ch. 8, par. 1).

A brief recitation of the material history of the running at large statute is also required for an understanding of the interrelationship of these two statutes. Initially, we note that the oft-cited common law rule for both dogs and horses has been succinctly stated to provide that:

> "The owner or keeper of a domestic animal of a species not inclined to mischief, such as dogs, horses and oxen, is not liable for any injury committed by it to the person of another, unless it be shown that the animal had a mischievous propensity to commit such an injury and the owner had notice of it or that the injury was attributable to some neglect on his part." *Domm v. Hollenbeck* (1913), 259 Ill. 382, 385, 102 N.E. 782, 783.

Various statutes were enacted governing animals running at large, which culminated in an enactment in 1895 which imposed strict liability on the defendant for damages caused by horses and other specified domestic animals which ran at large. Subsequently, in 1931, this act was amended to provide that the keeper of domestic animals, including horses, is liable for damages caused by his horses to property or the person of another unless he is able to establish that he used reasonable care in restraining his horse and that he did not know his horse was running at large. Ill. Rev. Stat. 1973, ch. 8, par. 1; *Wakefield v. Kern* (1978), 58 Ill. App. 3d 837, 374 N.E.2d 1074.

Plaintiffs contend first that the running at large statute (Ill. Rev. Stat. 1973, ch. 8, par. 1) and the "dog-bite" statute as amended in 1973 (Ill. Rev. Stat. 1973, ch. 8, par. 366) both pertain to horses running at large on the highway and are not inconsistent with one another. Alternatively, plaintiffs urge that any conflict between these two sections of chapter 8 would result in a repeal by implication of the inconsistent portions of the running at large statute by the "dog-bite" statute as amended in 1973. Defendant in rebuttal contends that the "dog-bite" statute does not apply to horses and that the phrase "or other animals" pertains only to dogs or other animals of the same general kind, class or nature. Additionally, defendant argues that the running at large statute and the "dog-bite" statute both do not apply to horses and the legislature did not intend to repeal the running at large statute by its 1973 amendment of the "dog-bite" statute.

■■ In our interpretation of these two statutes we are guided by certain well-settled rules. The cardinal rule of statutory construction is that the true intent and meaning of the legislature must be ascertained and given effect; such legislative intent is sought primarily from the language used in the statute which affords the best means of its elucidation. (*Bee Jay's*

*Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173.) It is well settled that the language employed by statutory draftsmen will be ascribed its ordinary and popularly understood meaning (*Hamilton v. Green* (1976), 44 Ill. App. 3d 987, 358 N.E.2d 1250) unless the literal enforcement of a statute will result in great injustice which the legislature could not have contemplated, whereupon the reviewing court will adopt the construction reasonably intended by the legislature (*People v. Lotts* (1977), 48 Ill. App. 3d 684, 362 N.E.2d 1387). Additionally, in determining the legislative intent of a statute, the court must look first to the words of the statute, and it is only where the words are inadequate that the court may turn to legislative history and interpretive aids to discover the legislative intent. *Illinois Power Co. v. Mahin* (1977), 49 Ill. App. 3d 713, 364 N.E.2d 597.

■■ We must remark initially that we are of the opinion that horses are included within the "dog-bite" statute as it was amended to apply to dogs "or other animals." Further, we believe the main question is not which animals are covered by this statute (because it is clear "other animals" is an all-inclusive category), but for what particular acts of an animal did the legislature intend to hold owners liable by this amendment. Plaintiffs contend the legislature must have intended to impose strict liability on dogs and other animals, including horses, which attacked or injured a person or property, without provocation, when such person was conducting himself in a peaceable manner, at a place where he was entitled to be. We disagree.

First, we believe such an interpretation is contrary to numerous cases which have construed the "dog-bite" statute as imposing liability on dogs, not for running at large, but for aggressive, unprovoked acts against peaceable individuals who were where they had a right to be. (See *Nelson v. Lewis* (1976), 36 Ill. App. 3d 130; *Siewerth v. Charleston* (1967), 89 Ill. App. 2d 64; *McEvoy v. Brown* (1958), 17 Ill. App. 2d 470, 150 N.E.2d 652.) Secondly, we opine that plaintiffs' interpretation of the "dog-bite" statute results in a revocation by implication of the running at large statute. Such a revocation by implication of the running at large statute is not necessary here where it is possible to construe these two statutes together, if we can interpret the "dog-bite" statute to be inapplicable as to other animals of the domestic variety who are running at large and covered under the running at large statute (Ill. Rev. Stat. 1973, ch. 8, par. 1) and apply the "dog-bite" statute to all animals and instances, exclusive of domestic animals running at large, where the statutory requirements of the "dog-bite" statute are met.

■■ In addition, we believe the legislature's intent here was to broaden the "dog-bite" statute to include all other animals, including dogs, who attack or injure any person without provocation and not to repeal either

explicitly or by implication any other statutes. This construction is supported by the title of the Animal Control Act in the statutes (Ill. Rev. Stat. 1973, ch. 8, pars. 351-78) which provides that it is:

> "An Act relating to stray animal control; rabies prevention; dogs pursuing, chasing, worrying, wounding, or killing domestic animals or poultry; the liability of a person owning or harboring a dog which attacks or injures a person; providing penalties for violations thereof; *and to repeal Acts therein named.*" (Emphasis added.)

Nowhere in the Animal Control Act is there an express repeal of the running at large statute. Thus, the legislature must not have intended to repeal this section either by implication or explicitly by its amendment to the "dog-bite" statute.

■■ We have also considered plaintiffs' arguments and related citations and find them inapplicable to this factual situation. In particular, we have examined *Taylor v. Hull* (1972), 7 Ill. App. 3d 218, 287 N.E.2d 167, the only case brought to our attention which considered a dog owner's liability under the old "dog-bite" statute (Ill. Rev. Stat. 1971, ch. 8, par. 12d) for injuries and damages caused when his dog was struck by an automobile while on the highway. In *Taylor*, the Fifth District found that the trial court had improperly granted summary judgment to the defendant because there was a triable issue as to whether the action of the dog was the proximate cause of plaintiff's injuries. Herein there is not a triable issue as to whether the defendant's horses caused plaintiffs' injuries and damages but only the question of law as to whether the legislature, with this amendment, contemplated the imposition of liability under the "dog-bite" statute for damages caused by horses running at large. We hold that this catastrophic change in the law of domestic animals running at large could not have been contemplated by the legislature by the mere addition of the phrase "or other animals" to the "dog-bite" statute. (*People v. Lotts* (1977), 48 Ill. App. 3d 684.) Such a result would impose a great injustice on owners of horses and other domestic animals who heretofore have been liable only under the running at large statute for the activity of their horses where the owner has failed to use reasonable care in restraining his horse and where the owner had knowledge that his horse was running at large. (*Wakefield v. Kern* (1978), 58 Ill. App. 3d 837.) Therefore, the trial court properly dismissed count III of plaintiffs' amended complaint against the defendant predicated on the "dog-bite" statute (Ill. Rev. Stat. 1973, ch. 8, par. 366).

The judgment of the circuit court of McHenry County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and NASH, J., concur.