GARY R. SMITH *et al.*, Plaintiffs-Appellants, v. ROBERT E. GLEASON, Defendant-Appellee (Ezell Robins *et al.*, Defendants).

Second District   No. 2—86—0441

Opinion filed February 12, 1987.

Dennis P. Daly, of Daly & Daly, of Waukegan, for appellants.

Lewis D. Clarke, Jr., and Clayton P. Voegtle, both of Snyder, Clarke, Dalziel & Johnson, of Waukegan, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs, Gary and Linda Smith, appeal from the trial court's order dismissing counts I, II, and V of their third amended complaint against defendant, Robert Gleason. Plaintiffs brought this action to recover for injuries Linda sustained when her car collided with a horse owned by Arlie Glass and boarded by Ezell Robins on Gleason's property. Plaintiffs contend on appeal that their complaint was improperly dismissed against Gleason because they stated a cause of action for negligence and for a violation of "An Act to revise the law in relation to fences" (the Fence Act) (Ill. Rev. Stat. 1985, ch. 54, par. 2).

Plaintiffs alleged in their complaint that on November 27, 1984, Linda was driving her car on Kilbourn Road approaching an intersection with Jody Lane. The property located on the west side of Kilbourn Road near the intersection belonged to Gleason. As Linda entered the intersection, a horse, escaping from Gleason's property, collided with her car.

The complaint further alleged that Gleason rented the property to Robins, who boarded horses, and the runaway horse belonged to Glass. Plaintiffs alleged that at the time of the rental agreement, the land was not equipped to board horses. Robins enclosed the property with a fence constructed with electrified wire and metal or wooden posts. Robins allegedly alerted Gleason that the fence was inadequate to restrain the horses. According to the complaint, Gleason promised to erect a permanent fence but had neglected to do so

before the collision.

■ We conclude that the trial court properly dismissed the complaint against Gleason. Count II of the complaint alleged that Gleason violated the Fence Act. Plaintiffs rely on section 2 of the Act, which provides:

"Fences four and one-half feet high, and in good repair, consisting of rails, timber boards, stone, hedges, barb wire, woven wire or whatever the fence viewers of the town or precinct where the same shall lie shall consider equivalent thereto suitable and sufficient to prevent cattle, horses, sheep, hogs and other stock from getting on the adjoining lands of another, shall be deemed legal and sufficient fences: Provided, that in counties under township organization, the electors, at any annual town meeting, may determine what shall constitute a legal fence in the town; and in counties not under township organization, the power to regulate the height of fences shall be vested in the county board." (Ill. Rev. Stat. 1985, ch. 54, par. 2.)

The statute, however, by its language, has no relation to outside fences but is applicable only between the owners of adjoining lands. (*McKee v. Trisler* (1924), 311 Ill. 536, 544, 143 N.E. 69.) The Fence Act imposes a duty to erect a division line fence by adjoining property owners. Plaintiffs did not complain that Gleason's property lacked a division line fence; rather, their complaint centered around the condition of an exterior fence, which is not covered under the Act.

■ Count I of the complaint, which sought to recover for Gleason's alleged negligence, was also properly dismissed. Plaintiffs alleged that Gleason was negligent in leasing the property to Robins when it was not in the condition to board horses, in failing to erect a permanent fence, in failing to inspect the condition of the fence, and in failing to prohibit the use of the pasture for the grazing or running of horses. In Illinois, however, there is no common law duty on the part of a lessor to guard against damage or injury to persons caused by animals which escape from the leased premises. *Heyen v. Willis* (1968), 94 Ill. App. 2d 290, 296, 236 N.E.2d 580.

■ Liability for injury or damage caused by estrays must be predicated upon "An Act in relation to livestock running at large within the State of Illinois" (Animal Act) (Ill. Rev. Stat. 1985, ch. 8, par. 1). (*Heyen v. Willis* (1968), 94 Ill. App. 2d 290, 296, 236 N.E.2d 580.) Section 1 provides:

"No person or owner of livestock shall allow livestock to

run at large in the State of Illinois. All owners of livestock shall provide the necessary restraints to prevent such livestock from so running at large and shall be liable in civil action for all damages occasioned by such animals running at large; Provided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large." (Ill. Rev. Stat. 1985, ch. 8, par. 1.)

Pursuant to the statute, only owners or keepers of livestock are liable for damages. Plaintiffs did not allege in the complaint that Gleason owned or kept the horse.

■ A recent decision by the Illinois Supreme Court supports our position. In *Steinberg v. Petta* (1986), 114 Ill. 2d 499-501, the court held that a landlord, whose tenant's dog bit the plaintiff, was not an owner, keeper, or harborer of the dog under the Animal Act (Ill. Rev. Stat. 1985, ch. 8, par. 366). Therefore, the landlord was not held liable for the resulting personal injuries. The court determined that harboring or keeping involved some measure of care, custody, or control and refused to extend liability beyond the legislature's intent. Similarly, in this case, the applicable statute limits liability for runaway animals to the owner or keeper of the animal. We are unwilling to extend liability to a landlord where a plain reading of the statute limits liability to an owner or keeper of the animal. Because counts I and II of the complaint are dismissed, count V, which sought recovery for the loss of consortium, must also be dismissed. Before Gary R. Smith may recover for loss of his wife's consortium, he must prove that defendant Gleason is liable for his wife's injuries. *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 690, 399 N.E.2d 1355.

Plaintiffs argue that the holding in *Heyen*, that liability for injury or damages caused by runaway animals must be predicated upon the Animal Act, is not applicable to the case at bar. They argue that *Heyen* is distinguishable because the lessor was unaware of the dangerous condition of the property, the lessee had exclusive possession of the property, and the lessee agreed to repair the fence. The court in *Heyen* considered the situations where premises were leased with a known defective condition and where the owners agreed to repair, and the court concluded that liability, by law, rests upon the owner or keeper of the animal. *Heyen v. Willis* (1968), 94

Ill. App. 2d 290, 296, 236 N.E.2d 580.

Plaintiffs also argue that under general tort principles articulated in the Restatement (Second) of Torts secs. 378, 379 (1965), a lessor may be subject to liability to a third person for damage or injury caused by a tenant's activities. The court in *Heyen* rejected a similar argument. The court concluded that drawing an analogy to well-established tort rules did not show a common law duty upon a defendant landowner in light of the statute which specifies that an animal's owner or keeper would be liable. *Heyen v. Willis* (1968), 94 Ill. App. 2d 290, 295, 236 N.E.2d 580.

Plaintiff's sole authority for the proposition that the complaint stated a cause of action against the landlord is a footnote in *Hamilton v. Green* (1976), 44 Ill. App. 3d 987, 990 n.1, 358 N.E.2d 1250. The court in *Hamilton* assumed that given modern conditions, an "action might under proper conditions be based on the actions of animals who stray apart from the Act." In *Hamilton*, the court held that no duty was stated upon which the liability of defendants might be premised since the cause involved ducks, which are not covered under the Act. Because no Illinois cases have subsequently created a cause of action against a landlord for a tenant's animal that escapes and causes damage, we decline to recognize a cause of action in the present case.

For the foregoing reasons, the trial court's order dismissing counts I, II, and V of the plaintiffs' complaint against Gleason is affirmed.

Affirmed.

UNVERZAGT and HOPF, JJ., concur.