MARVIN ZEARS *et al.*, Plaintiffs-Appellants, v. WILLIAM DAVISON, Defendant-Appellee and Third-Party Plaintiff-Appellee (Marvin Zears, Third-Party Defendant-Appellant).

Third District   No. 3—86—0523

Opinion filed April 13, 1987.

William K. Brown, of Goldfine & Bowles, P.C., of Peoria, for appellants.

Ross E. Morris, of Lewistown, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff appeals the dismissal of two counts of his amended complaint seeking damages for injuries caused by a cow owned by the defendant. The trial court found that liability of the defendant was to be determined pursuant to the provisions of the Domestic Animals Running at Large Act (Ill. Rev. Stat. 1981, ch. 8, par. 1) and dismissed the counts alleging a cause of action under the Animal Control Act (Ill. Rev. Stat. 1983, ch. 8, par. 366). We affirm.

Plaintiff Marvin Zears was driving a vehicle on Illinois Route 116 in Fulton County. Plaintiff William Block was a passenger in the car. Plaintiff's car struck a cow owned by defendant William Davison which was wandering loose on the highway. Plaintiffs filed a suit against the defendant alleging he violated the Domestic Animals Running at Large Act ( Ill. Rev. Stat. 1981, ch. 8, par. 1). The complaint further alleged that the defendant negligently failed to close the gate to the field in which the cow had been kept, failed to use reasonable care in inspecting for an open gate, and negligently allowed his cow to remain unattended upon the highway. The defendant answered the complaint and filed a third-party complaint for contribution against Mr. Zears.

Subsequently the plaintiffs filed an amended complaint adding additional counts alleging a claim under the Animal Control Act (Ill. Rev. Stat. 1983, ch. 8, par. 366).

The trial court granted the defendant's motion to dismiss the new counts of the amended complaint on the ground that the facts alleged

did not state a cause of action under the Animal Control Act.

Section 16 of the Animal Control Act states:

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." (Ill. Rev. Stat. 1983, ch. 8, par. 366.)

The statute was enacted in 1949 and was initially only applicable to dogs. The act was subsequently amended in 1973 to apply to all animals that can be affected by rabies. The statute was passed to eliminate the prior knowledge requirement of the common law. (See *Beckert v. Risberg* (1965), 33 Ill. 2d 44, 210 N.E.2d 207.) Under the common law negligence action, one who was injured by an animal could not recover unless he could prove that the animal had a dangerous disposition and that the animal owner knew of it. Under the statute one can recover without this proof.

The express language of the statute appears to be absolute. If one does not provoke the animal and is peaceably and lawfully on the premises, the owner is liable for all damages proximately caused by his animal. Nevertheless, the statute has been held not to apply in various situations where the plaintiff brought himself within the express terms. See *Steichman v. Hurst* (1971), 2 Ill. App. 3d 415, 275 N.E.2d 679; *Bailey v. Bly* (1967), 87 Ill. App. 2d 259, 231 N.E.2d 8.

The Domestic Animals Running at Large statute provides in pertinent part:

> "[H]ereafter, it shall be unlawful for any animal of the species of horse, ass, mule, cattle, sheep, goat, swine or geese to run at large in the State of Illinois: Provided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from running at large." Ill. Rev. Stat. 1981, ch. 8, par. 1.

Historically, the statute was enacted in 1895 and imposed strict liability on the defendant for damages caused by specified domestic animals that ran at large. Subsequently, in 1931 the act was amended to provide that the keeper of domestic animals is liable for damages caused by his animals to property or the person of another unless he is able to establish that he used reasonable care in restraining his animal and that he did not know his animal was running at large. See *Wakefield v. Kern* (1978), 58 Ill. App. 3d 837, 374 N.E.2d 1074.

■ Illinois courts have consistently held that the Domestic Animals Running at Large statute is designed to provide redress for injuries caused by animals grazing at pasture and which are beyond the control and supervision of their owners. *Chittum v. Evanston Fuel & Material Co.* (1980) 92 Ill. App. 3d 188, 416 N.E.2d 5; *Blakley v. Glass* (1950), 342 Ill. App. 90, 95 N.E.2d 1289; *DeBuck v. Gadde* (1943), 319 Ill. App. 609, 49 N.E.2d 789.

■ ■ Regarding the instant case, the precise issue at bar concerns the scope and intent of the Animal Control statute and its construction in relation to the Domestic Animals Running at Large Act. We initially note that the two statutes at issue are related to the same subject matter of duties and liabilities imposed upon animal owners and are *in pari materia* with each other. Statutes which relate to the same thing or to the same subject or object are *in pari materia* although they were enacted at different times. It is a primary rule of statutory construction that not only should the intention of the legislature be deduced from a view of the whole statute and from its every material part, but statutes *in pari materia* should be construed together. *People ex rel. Harrell v. Baltimore & Ohio R.R. Co.* (1951), 411 Ill. 55, 103 N.E.2d 76.

It is generally held that subsequent laws on the same subject are regarded as supplementary or complementary to the earlier enactments. The legislature is presumed to have framed its new law in contemplation of the earlier enactments. Where a general act is passed subsequent to a narrower statute, the earlier statute will be considered as remaining an exception to its terms unless it is repealed in general words. (2A A. Sutherland, Statutory Construction sec. 51.05 (rev. ed. 1984).) With regard to the statutes in the instant case, we find that the Domestic Animals Running at Large Act is an exception to the subsequently passed Animal Control Act. We recognize that the Animal Control Act provides the ultimate frame of reference in animal liability cases, yet the given situation at bar falls outside of the statute. Deference to the statutory text does not require automatically governing by the text every situation that the words taken by themselves are capable of embracing.

Very persuasive in our decision today is the case of *McQueen v. Erickson* (1978), 61 Ill. App. 3d 859, 378 N.E.2d 614, where the court refused to apply the Animal Control Act, despite the fact that the requirements were technically met, to a plaintiff who was injured when her car struck the defendant's horses running at large on the highway. The court in *McQueen* found that the statute was inapplicable to animals of the domestic variety who run at large and are covered un-

der the running-at-large statute. To hold otherwise would work an injustice on animal owners who could then be liable under two statutes.

■ We find the legislative intent is given effective enforcement by holding that the Animal Control Act does not apply to domestic animals running at large. As well, by following the analysis and proposition of law enunciated in *McQueen*, we give weight to a sustained and consistent course of application of the restraint statutes.

We conclude that the trial court properly dismissed counts III and IV of plaintiff's amended complaint against the defendant predicated on the Animal Control Act.

The judgment of the Fulton County circuit court is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.