RICHARD MALOTT et al., Plaintiffs-Appellants, v. WILLIAM DWIGHT HART, Defendant-Appellee.

Third District    No. 3—87—0379

Opinion filed March 7, 1988.

Harvey & Stuckel, of Peoria (James M. Janovetz, of counsel), for appellants.

Duncan B. Cooper III, of Heyl, Royster, Voelker & Allen, of Peoria (Craig S. Young, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiffs, Mr. and Mrs. Malott, brought suit against the defendant, William Dwight Hart, pursuant to the Animal Control Act (Ill. Rev. Stat. 1985, ch. 8, par. 351 *et seq.* (Act)). The Act provides in pertinent part:

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." (Ill. Rev. Stat. 1985, ch. 8, par. 366.)

The facts giving rise to the suit are as follows. The defendant is in the business of breeding cattle which he harbored in a pasture across the road from the plaintiffs' residence. On July 16, 1984, the defendant and others were having difficulty in driving a herd of cattle from an enclosed pasture, through a gate, and into a corral. Mr. Malott, a former neighbor, observed the unsuccessful attempts and asked the defendant if he needed assistance. The defendant knew Mr. Malott had experience with cattle and said he would appreciate the assistance, so Mr. Malott joined the others. After one or two more unsuccessful attempts, Mr. Malott was injured when a heifer broke from the herd and charged him. Other cattle followed, and Mr. Malott was trampled. Mr. Malott had lived on a farm all of his life, and had always had cattle. He was aware cattle sometimes trample people.

The plaintiffs alleged in their complaint that the defendant violated the Act, causing Mr. Malott's injuries and Mrs. Malott's loss of her husband's consortium. The defendant raised as an affirmative defense assumption of the risk. Following trial, a jury ruled in the defendant's favor. No post-trial motion was filed. On appeal, the sole issue raised by the plaintiffs is whether assumption of the risk is an available defense to a cause of action brought pursuant to the Act.

■ Initially, the defendant maintains the plaintiffs' failure to file a post-trial motion precludes this court from considering the issue raised on appeal. We agree. The Illinois Code of Civil Procedure pro-

vides in relevant part:

"Relief desired after trial in jury cases, heretofore sought by reserved motions for directed verdict or motions for judgment notwithstanding the verdict, in arrest of judgment or for new trial, must be sought in a single post-trial motion." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1202(b).)

Further, Illinois Supreme Court Rule 366(b)(2)(iii) provides:

"A party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not specified in the motion." (107 Ill. 2d R. 366(b)(2)(iii).)

The plaintiffs' failure to file a post-trial motion amounted to failure to preserve any matters for review. Therefore, we are procedurally not mandated to decide the substantive issue raised on appeal. *American National Bank & Trust Co. v. J & G Restaurant, Inc.* (1981), 94 Ill. App. 3d 318.

■ Even assuming the plaintiffs had filed a post-trial motion and properly raised the issue urged on appeal, however, we disagree with their argument that assumption of the risk is not an available defense under the Act. It is true the express language of the statute appears to be absolute. If one does not provoke the animal and is peaceably and lawfully on the premises, the owner is liable for all damages proximately caused by an attacking animal. Nevertheless, it has recently been held by our supreme court that the Act was not intended to create strict liability thereby precluding the common law defense of assumption of the risk. (*Harris v. Walker* (1988), 119 Ill. 2d 542.) In the instant case, the plaintiff, an admitted experienced cattleman, volunteered to assist with the movement of the cattle. The defendant knew Mr. Malott had experience with cattle, and he could reasonably assume Mr. Malott was aware of their normal propensities and could or would take reasonable measures to protect himself. Mr. Malott's own testimony indicates cattle are known to trample people on occasion, and that being trampled is a risk one takes in dealing with them. Thus, he assumed the ordinary risks incident to the operation.

Accordingly, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

STOUDER, P.J., and WOMBACHER, J., concur.