AMELIA CORONA *et al.*, Plaintiffs-Appellants, v. KENNETH MALM *et al.*, Defendants-Appellees.

Second District   No. 2—99—1218

Opinion filed August 18, 2000.

Alvaro Cook, of Booth & Cook, Ltd., of North Aurora, for appellants.

Ellen L. Green and Michael Resis, both of O'Hagan, Smith & Amundsen, L.L.C., of Chicago, and Thomas P. Scherschel, of O'Hagan, Smith & Amundsen, of Geneva, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

This appeal comes before us from an order of the circuit court of Kane County granting summary judgment for defendants, Kenneth Malm and Tyra Malm, in an action for personal injuries and property damage. The injuries occurred when a car driven by plaintiff Epifanio Antunez, in which plaintiff Amelia Corona was a passenger, collided with a horse that had escaped from defendants' property. Plaintiffs filed a four-count complaint, counts I and III alleging that defendants violated the Illinois Domestic Animals Running at Large Act (Act) (510 ILCS 55/1 (West 1998)) and counts II and IV alleging common-law negligence.

On November 5, 1997, a horse named "Pretty Girl," owned by Douglas Maloney, galloped directly across the path of the car driven by Antunez, causing the front end to collide with the left side of the horse. At the time of the accident, the horse was boarded by defendants at their stable.

Defendants filed a motion for summary judgment on the grounds that (1) plaintiffs presented no evidence that defendants failed to use reasonable care in restraining the horse or that they had knowledge

that the animal was running at large; and (2) any action for injuries or damages sustained by a runaway horse must be predicated on the Act and, therefore, plaintiffs' common-law negligence actions should be dismissed. The trial court agreed and granted defendants' motion for summary judgment on all counts. Believing that it was bound by this court's opinion in *Abadie v. Royer*, 215 Ill. App. 3d 444 (1991), the trial court held that under the Act plaintiffs had the burden of proving defendants failed to exercise reasonable care in restraining a runaway animal and that defendants had knowledge that the animal was a runaway. Because plaintiffs did not present any evidence that defendants failed to exercise reasonable care or that defendants had knowledge that the horse had escaped, the court granted summary judgment in favor of defendants. The trial court further held that, because liability for injuries caused by animals running at large must be predicated on the Act, plaintiffs were precluded from bringing an action for common-law negligence. Plaintiffs timely appeal.

We note at the outset that summary judgment is appropriate only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998). Summary judgment is a drastic means of disposing of litigation and therefore should be allowed only when the right of the moving party is clear and free from doubt. *Rivas v. Westfield Homes of Illinois, Inc.*, 295 Ill. App. 3d 304, 307-08 (1998). In determining the presence of a genuine issue of material fact, the court must construe the evidence strictly against the movant and liberally in favor of the opponent. *Largosa v. Ford Motor Co.*, 303 Ill. App. 3d 751, 753 (1999). We conduct a *de novo* review of the trial court's decision to grant summary judgment. *Rockford Memorial Hospital v. Department of Human Rights*, 272 Ill. App. 3d 751, 754 (1995).

Plaintiffs first contend that the trial court misconstrued the burden-of-proof provision of the Act and thus erred in granting summary judgment for defendants on counts I and III. The trial court held that it was bound by this court's opinion of *Abadie*. In that case, however, the issue on appeal was whether there were any genuine issues of material fact regarding whether the defendants exercised reasonable care. In analyzing the evidence concerning the defendants' exercise of reasonable care, the court in *Abadie* cited *O'Gara v. Kane*, 38 Ill. App. 3d 641 (1976), for the proposition that, to recover under the Act, "plaintiff must allege and prove that defendants did not use reasonable care in restraining the animal and that defendants had no knowledge that the animal was running at large." *Abadie*, 215 Ill. App. 3d at 450.

Plaintiffs claim that we should reverse our holding in *Abadie* because the plain reading of the Act places the burden on a defendant to establish the exercise of due care as a defense to an alleged violation of the Act. Defendants counter that case law from this district and others has interpreted the Act as placing the burden on a plaintiff to establish that the defendant failed to exercise due care. Defendants conclude that, because plaintiffs failed to introduce any evidence of the lack of due care, the trial court correctly granted summary judgment in their favor. We agree with plaintiffs.

■ Section 1 of the Act provides that no person or owner of livestock shall allow livestock to run at large in the state. 510 ILCS 55/1 (West 1998). It further provides:

> "All owners of livestock shall provide the necessary restraints to prevent such livestock from so running at large and shall be liable in civil action for all damages occasioned by such animals running at large; Provided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large." 510 ILCS 55/1 (West 1998).

Historically, the Act imposed strict liability on an owner or keeper for damages caused by animals that ran at large. 1895 Ill. Laws 4; *McKee v. Trisler*, 311 Ill. 536 (1924). In 1931, the legislature amended the Act to provide innocent owners with relief from the harsh consequences of strict liability if they acted with due care in restraining the animal and did not know of its escape. *Estes v. Maddrell*, 208 Ill. App. 3d 813 (1991). The amendment therefore balances the interests of the public at risk from straying animals with those of the livestock owner; the livestock owner is no longer strictly liable if he or she can show that he or she used reasonable care and had no knowledge that his or her animal was running at large. *Nevious v. Bauer*, 281 Ill. App. 3d 911, 915 (1996).

In *Fugett v. Murray*, 311 Ill. App. 323 (1941), the plaintiff was killed and his wife was injured when their motorcycle collided with a runaway horse. The action was tried on the theory that a duty rested with the defendant to show he used reasonable care to prevent the horse from running at large. In construing the statute, this court determined that the amendment passed by the legislature provided relief to the animal's owner from the harshness of the law. We concluded that, under the general rule involving accidents as a result of the violation of the statute making it unlawful for stock to run at large, there is a presumption of negligence by the owner or keeper of

stock sufficient to bring the case to the jury. We further stated: "The defendant claims the benefit of the proviso. The proof to be established under the proviso was within the knowledge of the defendant and not the plaintiffs. The burden of evidence, after the plaintiffs rested their case in chief, was on the defendant." *Fugett*, 311 Ill. App. at 328.

In *Wakefield v. Kern*, 58 Ill. App. 3d 837 (1978), we came to a similar construction of the Act. We held that under the Act a keeper or owner of a horse may avoid liability if he meets a two-part test: if he is able to establish that (1) he used reasonable care in restraining his livestock, and (2) he did not have knowledge that the animal was running at large. *Wakefield*, 58 Ill. App. 3d at 840; see also *Estes*, 208 Ill. App. 3d at 816.

The First District, in *Guay v. Neel*, 340 Ill. App. 111 (1950), after quoting our analysis in *Fugett*, confused the analysis by concluding that the plaintiff had the burden to prove her case by a preponderance of the evidence and that, once she made out a *prima facie* case, the burden of proceeding shifted to the defendant. "The burden of proof remained, however, on the plaintiff." *Guay*, 340 Ill. App. at 118.

Similarly, the Fifth District in *O'Gara v. Kane*, 38 Ill. App. 3d 641 (1976), came to the same conclusion. The court noted that the Act was amended by the proviso that an owner would not be held liable if he were able to prove that he used reasonable care in restraining his animals and if he was without knowledge that they were running at large. *O'Gara*, 38 Ill. App. 3d at 643. However, the court then, without explanation, followed the conclusion reached in *Guay* and held that, once the plaintiff made out a *prima facie* case, the burden shifted to the defendant; the burden of proof, however, remained on the plaintiff. *O'Gara*, 38 Ill. App. 3d at 644.

In *Nevious v. Bauer*, 281 Ill. App. 3d 911, 912 (1996), the plaintiff brought an action against the defendants under the Act for injuries sustained in a car collision with the defendants' bull. The plaintiff argued on appeal that the trial court misconstrued the burden-of-proof provisions of the Act and therefore erred in directing a verdict for the defendants. After citing the conflicting cases, the Third District surmised that, if the defendants were correct in asserting that the burden of proof always remains with the plaintiff, then, under the Act, the plaintiff would have to prove lack of due care and lack of knowledge. The court concluded that this interpretation of the Act was implausible, since the plaintiff was logically precluded from proving the negative, *i.e.*, lack of knowledge on the defendants' part. The court felt that the better interpretation, supported by the plain language of the Act, placed the burden on the defendants to prove the exercise of due care and lack of knowledge. In reaching this conclusion, the court·

relied on *Fugett*'s analysis that the defendant claims the benefit of the proviso and that the proof to be established is within the knowledge of the defendant and not the plaintiff. *Nevious*, 281 Ill. App. 3d at 916. The court concluded that, once the plaintiff established his case in chief, the burden of proof shifted to the defendant to establish both the exercise of due care in restraining the livestock and the lack of knowledge that it had escaped. The court found that this interpretation was consistent with the legislative intent of balancing the public's interests with those of the owner or keeper.

The Fifth District, in *Christenson v. Rincker*, 288 Ill. App. 3d 185 (1997), adopted the holding in *Nevious*. The court found that the holding in *Nevious* clearly reflected the intent of the legislature in amending what would otherwise be a strict liability statute. The court concluded that the two provisos in the statute constituted affirmative defenses and should be so construed. *Christenson*, 288 Ill. App. 3d at 190-91.

■ We agree with the decisions made in *Nevious* and *Christenson*. Our analysis of the language of the statute demonstrates that the analysis in *Nevious* and *Christenson* is proper. The language of the Act clearly places on the owner or keeper the duty to restrain the animals from running at large and the liability for damage caused by the animals if the owner or keeper fails to do so. The Act provides to the owner or keeper of such animals an opportunity to avoid strict liability if he can prove that he had no knowledge that the animal was running at large and "that he used reasonable care in restraining such animals from so running at large." Accordingly, we hold that the plaintiff need plead and prove only that he or she was injured by an animal running at large that was owned or kept by the defendant. The defendant must then affirmatively plead and prove (1) that he or she exercised due care in restraining the livestock, and (2) that he or she lacked knowledge that it had escaped. To hold otherwise is irrational and clearly contrary to the intent of the legislature. *Christenson*, 288 Ill. App. 3d at 191. Defendants' contention that *Abadie* was correctly decided inures only to a defendant's benefit and places upon the plaintiff the impossibility of pleading and proving a negative. We must therefore overrule *Abadie, in toto*, reverse the trial court's decision granting summary judgment for defendants as to counts I and III, and remand the cause to the trial court with directions to allow defendants to plead, and subsequently prove, the affirmative defenses of due care in restraining the horse and of the lack of knowledge that the horse escaped.

■ We next turn to plaintiffs' argument that the trial court erred in granting defendants' summary judgment motion as to counts II and

IV of the complaint, sounding in common-law negligence. In finding there was no cause of action for negligence, the trial court relied on *Douglass v. Dolan*, 286 Ill. App. 3d 181, 186 (1997), which held that liability for injuries caused by animals running at large must be predicated on the Act. See also *Smith v. Gleason*, 152 Ill. App. 3d 346, 348 (1987); *Heyen v. Willis*, 94 Ill. App. 2d 290 (1968).

Plaintiffs maintain that the trial court erred in relying on *Douglass*, that *Douglass*, as well as *Smith* and *Heyen*, does not apply because it involved whether common-law liability could be imposed on a landowner who was not an owner or keeper as opposed to a landowner who was, as in this case. This distinction, however, is irrelevant. The claims of common-law negligence in this case are inextricably linked to plaintiffs' claims of a statutory violation. Under their common-law negligence counts, plaintiffs allege that defendants failed to provide an adequate enclosure, failed to inspect and reasonably maintain the enclosure, and failed to find and repair any defects in the enclosure. Such allegations are inextricably related to the legal duties created by the Act, among them being defendants' duty to use reasonable care in maintaining the enclosures so that the horse does not run at large. Because the allegations are inextricably linked to the statutory violation, we find there is no independent basis for the action apart from the Act itself. See *Maksimovic v. Tsogalis*, 177 Ill. 2d 511 (1997).

We note that, in some cases, liability might be predicated on a negligence claim as in the case where the owner has knowledge of an animal's mischievous propensity. See, *e.g.*, *Zears v. Davison*, 154 Ill. App. 3d 408, 410 (1987). However, plaintiffs do not allege that defendants had knowledge of the animal's mischievous propensity. Under the circumstances here, plaintiffs' allegations of defendants' negligence are mere surplusage. The trial court therefore properly granted defendants' motion for summary judgment as to counts II and IV.

■ Plaintiffs last contend that the trial court erred in granting defendants leave to file revised affirmations in support of their answers to plaintiffs' requests for admission of facts. Plaintiffs contend that, because defendants' notarized signature pages were not properly sworn statements as required under Supreme Court Rule 216(c) (134 Ill. 2d R. 216(c)), defendants must be deemed to have admitted all the facts plaintiffs sought in their requests to admit. We disagree.

Plaintiffs served each defendant a request to admit on May 25, 1999, to which they each timely filed responses. Defendants answered each request by placing an "X" by each question, either admitting or denying each allegation. Both defendants signed and dated the

signature pages to each response. Both signature pages were notarized as "subscribed and sworn to" before the notary public on the date on which they were signed. Plaintiffs objected to the sufficiency of the sworn statements and on October 5, 1999, filed a motion to have the allegations in plaintiffs' requests deemed admitted. The trial court denied plaintiffs' motion and granted defendants leave to file revised affirmations to the requests to admit within 30 days. There is no report of proceedings in the record of the hearing on the motion. At the hearing on the motion for summary judgment, the trial court, noting the parties were not on the record during the prior hearing, stated that the certification and swearing on the responses looked very much the same and "so again, my holding was that it's clearly—it would be elevating form over substance to rule in favor of [plaintiffs] on that issue." Defendants amended the signature pages to conform to the sample attestation clause found in the committee comments to Supreme Court Rule 213(j) (177 Ill. 2d R. 213(j), Committee Comments).

A trial court is afforded great latitude in ruling on discovery matters, and a reviewing court will not disturb such a ruling on appeal absent a manifest abuse of discretion. *Gilmore v. City of Zion*, 237 Ill. App. 3d 744, 754 (1992). Rule 216(c) requires that the party to whom the request is directed serve upon the party requesting the admission "a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters." 134 Ill. 2d R. 216(c). Rule 216(c) does not provide a requirement that the sample attestation clause included in the committee comments to Rule 213(j) must be used in Rule 216. Both of defendants' responses were signed and sworn before a notary public. We agree with the trial court that, if we were to find any nonconformance, it was, at most, a technical deficiency that did not render the responses inadequate or improper. See *Mount Prospect State Bank v. Forestry Recycling Sawmill*, 93 Ill. App. 3d 448, 459 (1980) (technical deficiencies do not render affidavits improper; substance and not form controls). We find no abuse.

Accordingly, the judgment of the circuit court of Kane County granting summary judgment in favor of defendants is reversed as to counts I and III, and the cause is remanded. The judgment is affirmed in all other respects.

Reversed in part and affirmed in part; cause remanded.

GEIGER and GALASSO, JJ., concur.