NO. 4-06-0394          Filed 5/24/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| FRED FILE, | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Morgan County |
| RAYMOND DUEWER, | ) | No. 03L35 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Tim P. Olson, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Fred File, brought suit against defendant, Raymond Duewer, seeking damages for injuries caused by a heifer owned by defendant. The trial court granted summary judgment against plaintiff on his amended complaint seeking relief under the Animal Control Act (510 ILCS 5/16 (West 2002)) and granted plaintiff leave to refile under the Illinois Domestic Animals Running at Large Act (Running at Large Act) (510 ILCS 55/1 (West 2002)). After plaintiff did so, the trial court again granted summary judgment against plaintiff. Plaintiff appeals, contending his suit is properly brought under the Animal Control Act and he stated a cause of action under that statute. We agree and reverse the trial court's grant of summary judgment.

I. BACKGROUND

On September 27, 2001, plaintiff and Richard Releford were engaged in carpentry work on defendant's property. Defen-

dant, who was in the business of raising cattle, had approximately 70 head of cattle break out of their enclosure, which were roaming at large in neighboring cornfields. Plaintiff, who also had experience raising cattle, and Releford were asked to assist in helping round up the cattle.

Plaintiff rode in a pickup truck with defendant to find the cattle. While driving near the cattle, plaintiff noticed a nervous heifer and pointed it out to defendant. The roundup was going well using pickup trucks to guide the cattle until they were spooked by farm machinery in a nearby field. The cattle scattered. Defendant dropped plaintiff off in a field near some of the cattle and left to round up the others. Plaintiff was joined in the field by defendant's daughter, Pat, who had driven her own truck to the field to assist in the roundup. While plaintiff and Pat were on foot attempting to get the cattle headed back to defendant's farm, plaintiff and Pat both noticed a heifer that looked "awful nervous." Plaintiff then started walking toward Pat's truck, to give the nervous heifer a wide berth, when it charged him, knocking him to the ground. Plaintiff suffered a broken shoulder and a knee injury.

On July 7, 2003, plaintiff filed a complaint against defendant alleging negligence and violation of the Running at Large Act (510 ILCS 55/1 (West 2002)). On April 26, 2004, this complaint was amended but still alleged common-law negligence and a violation of the Running at Large Act. On October 26, 2004,

defendant was granted leave to file affirmative defenses: (1) he exercised reasonable care in restraining his livestock; (2) assumption of the risk; and (3) comparative fault.

On December 12, 2005, plaintiff filed a third amended complaint that abandoned both the negligence allegations and the Running at Large Act allegations and instead alleged a violation of the Animal Control Act (510 ILCS 5/16 (West 2002)). On February 24, 2006, defendant filed a motion for summary judgment arguing the Animal Control Act did not apply to the facts of this case.

On April 13, 2006, the trial court granted summary judgment, finding

> "[t]he cattle in question escaped their pen and were in the process of being rounded up when the injuries complained of occurred. At the time the cattle escaped from their enclosure, they did so without the knowledge of defendant. This set of facts clearly places this situation under the purview of the [Running at Large Act], not the Animal Control Act."

The court then allowed plaintiff leave to file an amended complaint under the Running at Large Act.

On April 21, 2006, plaintiff filed his fourth amended complaint and alleged violations of the Running at Large Act.

Defendant filed a motion for summary judgment to which he attached both his and plaintiff's discovery depositions. Defendant argued (1) there was no issue of material fact that the fence enclosing his cattle prior to their escape was in reasonable and adequate condition for enclosing them and (2) the trial court ruled in its order on April 13, 2006, that when the cattle escaped, they did so without defendant's knowledge. Both of these facts were defenses to liability under the Running at Large Act provided within the statute itself. 510 ILCS 55/1 (West 2002).

On May 5, 2006, the trial court granted defendant summary judgment, finding both parties agreed no recovery was available to plaintiff if defendant used reasonable care to prevent the animals from getting loose. The court dismissed the case. This appeal followed.

## II. ANALYSIS

The statutes at issue here relate to the same subject: liability for injuries received from animals. Therefore, they must be construed together. See Zears v. Davison, 154 Ill. App. 3d 408, 411, 506 N.E.2d 1041, 1043 (1987).

The Animal Control Act states:

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such

dog or other animal is liable in damages to such person for the full amount of the injury sustained."  510 ILCS 5/16 (West 2002).

The original version of this statute applied only to dogs and its purpose was to reduce the burden on dog-bite plaintiffs by eliminating the "one-bite rule"--the requirement the plaintiff plead and prove the dog owner knew or should have known the dog had a propensity to injure people. Harris v. Walker, 119 Ill. 2d 542, 546-47, 519 N.E.2d 917, 918 (1988).  The statute was amended in 1973 to include "other animals." Harris, 119 Ill. 2d at 547, 519 N.E.2d at 918-19.  The legislature intended only to provide coverage under the statute for plaintiffs who, by virtue of their relationship to the owner of an animal or lack of any such relationship, may not have any way of knowing or avoiding the risk the animal poses to them.  This is consistent with the emphasis the statute places on lack of provocation and the plaintiff's peaceable conduct in a place where he is legally entitled to be. Harris, 119 Ill. 2d at 547, 519 N.E.2d at 919.

The elements of a cause of action under the Animal Control Act are (1) injury caused by an animal owned by defendant; (2) lack of provocation; (3) peaceable conduct of the plaintiff; and (4) a legal right on the part of the plaintiff to be in the place where he was injured. Chittum v. Evanston Fuel & Material Co., 92 Ill. App. 3d 188, 190, 416 N.E.2d 5, 7 (1980). An available defense to a cause of action brought under this

- 5 -

statute is assumption of the risk.  Harris, 119 Ill. 2d at 547-48, 519 N.E.2d at 919; Malott v. Hart, 167 Ill. App. 3d 209, 211, 521 N.E.2d 137, 138 (1988).

The Running at Large Act states:

"No person or owner of livestock shall allow livestock to run at large in the State of Illinois.  All owners of livestock shall provide the necessary restraints to prevent such livestock from so running at large and shall be liable in civil action for all damages occasioned by such animals running at large; [p]rovided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large."  510 ILCS 55/1 (West 2002).

Throughout Illinois history, various statutes have governed animals running at large.  In 1895, the statute imposed strict liability on a defendant for damages caused by domestic animals running at large.  McQueen v. Erickson, 61 Ill. App. 3d 859, 862, 378 N.E.2d 614, 616 (1978).  In 1931, the statute was

- 6 -

amended to provide the owner or keeper of such animals was not liable for damages if he is able to establish he used reasonable care in restraining the animals and he did not know his animals were running at large. McQueen, 61 Ill. App. 3d at 862, 378 N.E.2d at 616. Illinois courts have consistently held the statute is designed to provide redress for injuries caused by animals grazing at pasture beyond the control and supervision of their owners. Zears, 154 Ill. App. 3d at 411, 506 N.E.2d at 1043. To recover damages under this statute, the plaintiff must prove only he was injured by an animal running at large owned or kept by the defendant. To avoid strict liability, the defendant must then affirmatively plead and prove (1) he exercised due care in restraining his animal and (2) he lacked knowledge it had escaped. Corona v. Malm, 315 Ill. App. 3d 692, 697, 735 N.E.2d 138, 142 (2000).

The Animal Control Act, since its 1973 amendment, covers all animals owned by someone and provides the owner is liable for attacks or injuries caused by their animal. The more specific Running at Large Act has been held to be an exception to the more general Animal Control Act since its amendment to include other animals besides dogs. See Zears, 154 Ill. App. 3d at 411, 506 N.E.2d at 1043; McQueen, 61 Ill. App. 3d at 864, 378 N.E.2d at 617-18; Moore v. Roberts, 193 Ill. App. 3d 541, 543, 549 N.E.2d 1277, 1279 (1990).

Although the Running at Large Act applies specifically

to livestock such as the cattle in this case, at the time of the injury here, the cattle were no longer running at large.  The legislative history of the statute indicates it is designed to provide redress for injuries caused by animals grazing at pasture that are beyond the control and supervision of their owners.  The statute was primarily aimed at situations where animals were turned out to graze and wandered.  See DeBuck v. Gadde, 319 Ill. App. 609, 613, 49 N.E.2d 789, 791 (1943).  "Running at large" traditionally implied knowledge, consent, or willingness of the owner that an animal be at large or such negligent conduct as is equivalent thereto.  But it did not embrace cases where, through some untoward circumstance, the owner was unable to watch and care for an animal in a particular instance, or where, notwith-standing precautions taken to restrain them, animals escaped without the negligence of the owner and who made immediate and suitable efforts to recover them.  See Blakley v. Glass, 342 Ill. App. 90, 95 N.E.2d 128 (1950) (abstract of op.) (animal is not "running at large" where, without negligence on part of owner, it escapes from pasture and owner goes in pursuit thereof); DeBuck, 319 Ill. App. at 612-13, 49 N.E.2d at 790.

At the time of plaintiff's injury, defendant was asserting control over his cattle.  This is not a case where cattle had been let out to pasture and then wandered onto a roadway where they were hit by a car.  The latter is often the circumstance in cases alleging violations of the Running at Large

Act.  See <u>Corona</u>, 315 Ill. App. 3d at 693, 735 N.E.2d at 139; <u>Zears</u>, 154 Ill. App. 3d at 409, 506 N.E.2d at 1042; <u>McQueen</u>, 61 Ill. App. 3d at 860, 378 N.E.2d at 615.  Instead, they were the objects of a roundup to bring them <u>back</u> to defendant's property.  Further, plaintiff was attacked by the charging heifer and suffered injuries.  These injuries were not of a nature exclusive to cattle running at large but easily could also have occurred in the cattle enclosure on defendant's property.  We note an almost identical factual scenario existed in <u>Malott</u>, and the plaintiff brought his suit under the Animal Control Act, apparently without challenge by defendant or dismissal by the trial court.  See <u>Malott</u>, 167 Ill. App. 3d at 209, 521 N.E.2d at 137-38.

This case should be decided under the Animal Control Act.  As discovery seems to have been completed, the parties on remand can file any motions or pleadings appropriate to a case brought under the Animal Control Act.

### III. CONCLUSION

For the foregoing reasons, we reverse both of the trial court's findings of summary judgment and remand for disposition of this case pursuant to the Animal Control Act.

Reversed and remanded.

STEIGMANN, P.J., and APPLETON, J., concur.