**VERLAN, LTD., Plaintiff,**

v.

**JOHN L. ARMITAGE & CO., Defendant.**

**JOHN L. ARMITAGE & CO., Counter-plaintiff,**

v.

**VERLAN, LTD., Counter-defendant.**

**No. 87 C 5121.**

United States District Court, N.D. Illinois, E.D.

Sept. 6, 1988.

---

Michael W. Rathsack, Chicago, Ill., for plaintiff.

Andrew H. Perellis, Thomas M. Giller, Mark Hester, Gessler, Flynn, Laswell, Fleischmann, Hughes & Socol, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

### MOTION TO DISMISS

CONLON, District Judge.

Plaintiff insurer Verlan, Ltd. ("Verlan") filed this declaratory judgment action against its insured, John L. Armitage & Co. ("Armitage"). Jurisdiction is predicated on diversity. 28 U.S.C. § 1332. Verlan seeks a declaratory judgment that it is not obligated to defend or indemnify Armitage in the case of *Allied Corp., et al. v. Acme Solvents Reclaiming, Inc., et al.*, No. 86 C 20377 (N.D.Ill. filed October 24, 1986) (the "*Allied* action").[1] Armitage filed a counterclaim seeking a declaratory judgment that Verlan must defend and indemnify Armitage in the *Allied* action.

In 1979, Verlan and Armitage entered into a primary liability policy and an umbrella policy (collectively, the "policy") for the period December 31, 1979 through December 31, 1980. The policy provides that Verlan will indemnify Armitage for damages resulting from personal injury or property damage caused by an occurrence during the policy period. Further, the policy obligates Verlan to defend Armitage against any claim for damages that is potentially covered by the policy.

Armitage has demanded that Verlan defend and indemnify it in the *Allied* action. Verlan instituted this action seeking a declaration that it is not obligated either to defend or indemnify Armitage under the policy for the costs of the remedial action. In its counterclaim, Armitage alleges that Verlan breached the contract (Count I), breached its fiduciary duty (Count II), and that Verlan's conduct was willful and wanton (Count III).

Verlan moves to dismiss Counts I, II and III of the counterclaim on the grounds that they either fail to state claims for which relief may be granted or are barred by Section 155 of the Illinois Insurance Code. Ill.Rev.Stat. ch. 73 ¶ 767. Verlan also

---

1. In the *Allied* action, private parties seek contribution for government-mandated response costs pursuant to § 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") 42 U.S.C. § 9607(a).

moves to strike the prayers for punitive damages and attorneys' fees.

## DISCUSSION

### Count I

Verlan claims that Count I of the counterclaim alleging breach of contract should be dismissed because it is duplicative of Count IV of the counterclaim seeking a declaratory judgment that Verlan breached its duty to defend and provide coverage. Armitage argues that the two counts are not identical: Count I alleges that Verlan breached its defense obligations; Count IV seeks a declaration concerning breach of Verlan's coverage obligations. To the extent that the two counts seek similar relief, Armitage maintains that it is entitled to plead alternative claims. Armitage's Memo. at 4.

■■■ A pleading need only identify the general nature of the claims involved and afford the opposing party fair notice of those claims. *Lake Shore Nat. Bank v. Knott Hotels Corp.*, 69 F.R.D. 573, 574 (D.C.Ill.1975). It is unnecessary to specify each legal theory to be relied upon, or to separate each distinct legal theory into a separate count. *Patriarca v. F.B.I.*, 639 F.Supp. 1193, 1198 (D.R.I.1986). A complaint that is confusing and redundant is subject to dismissal. *Boruski v. Stewart*, 381 F.Supp. 529 (S.D.N.Y.1974) (125–page complaint that was confusing and redundant was subject to dismissal).

The counterclaim contains four counts. Count I alleges that Verlan breached its duty to defend; Count IV seeks, among other things, a declaratory judgment that Verlan breached its duty to defend. Although the two counts may be duplicative in part, they are not confusing. Verlan's motion to dismiss Count I of the counterclaim is without merit.

### Counts II and III

■■ Verlan moves to dismiss Counts II and III of the counterclaim on the grounds that the claims are "barred and preempted" by Section 155 of the Illinois Insurance Code ("Section 155"), Ill.Rev.Stat. ch. 73 ¶ 767, and that they fail to state a cause of action. Count II attempts to state a claim against Verlan for breach of fiduciary duty; Count III purports to assert a claim against Verlan for commission of an intentional tort, alleging that Verlan's acts were "intentional, wanton and willful."

Section 155 of the Illinois Insurance Code provides in relevant part:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action, reasonable attorneys fees, other costs....

Ill.Rev.Stat. ch. 73 ¶ 767. This section provides a remedy for unreasonable delays in "settling a claim" by the insured under the insurance policy. *National Union Fire Ins. v. Continental Illinois*, 673 F.Supp. 267, 271 (N.D.Ill.1987). It does not cover unreasonable refusals to settle a claim by a third party against the insured. *Id.* Although the statutory remedy[2] may compensate an insured for damages resulting from unreasonable delays in paying a claim under the policy, it would not provide adequate relief to an insured who was exposed to liability to a third party far in excess of a policy because of the insurer's bad faith.[3]

2. Section 155 allows a party to recover, in addition to payment of its claim, costs (including attorneys' fees) plus up to $25,000 where an insurer unreasonably delays in settling the claim. Ill.Rev.Stat. ch. 73 ¶ 767.

3. One court has reasoned that the clear language of the statute allows recovery in an insured's action against its insurance company of both compensatory and punitive damages. *See Allianz Underwriters, Inc. v. Rusty Jones, Inc., et al.*, No. 84 C 10860, slip op. at 3 (N.D.Ill. Aug. 6, 1985) [available on WESTLAW, 1985 WL 2272]. The court noted that the statute allows recovery "of the amount which the court or jury finds such party is entitled to recover against the [insurance] company." Ill.Rev.Stat. ch. 73 § 767(1)(a). The limitations contained in subsections (1)(a), (b) and (c), therefore, relate to the award that "the court may allow as part of

*Id.* at 272. If the statute provides a remedy for the conduct at issue, the common law claim is preempted. *Zakarian v. Prudential Ins. Co. of America,* 652 F.Supp. 1126, 1137 (N.D.Ill.1987). Therefore, the court must distinguish delay-oriented claims by the insured that are covered by Section 155 from independent claims asserted by third parties against the insured that are not covered by Section 155 and are not preempted.

The basis for Counts II and III of the counterclaim is Verlan's failure to investigate or otherwise defend Armitage in connection with the claims in the *Allied* action. Although refusal to investigate or defend may be interpreted as "permanent and total 'delay'," *Zakarian, supra,* 652 F.Supp. at 1137, the conduct is not covered under Section 155 because the delay arises in connection with third-party claims against Armitage rather than a claim under the policy by Armitage. Because Verlan's conduct is not redressable under Section 155, Armitage's claims in Counts II and III of the counterclaim for willful breach of fiduciary duty are not preempted.

Verlan further argues that Counts II and III should be dismissed because they are conclusory and fail to state a claim for which relief may be granted. A motion to dismiss for failure to state a claim should be granted only if it appears that plaintiff can prove no set of facts in support of its claim that entitle it to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Conclusory allegations unsupported by factual assertions, however, will not withstand a motion to dismiss. *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

■ Count II of the counterclaim purports to state a claim for breach of Verlan's fiduciary or contractual duty to act in good faith and to deal fairly with Armitage. Count III alleges that the conduct was intentional, wanton and willful. Mere breach of contract—where an insured refuses to pay believing that it has no obligation to pay—is not sufficient to state a claim for tortious breach of the duty of good faith dealing. *Florsheim v. Travelers Indemnity Co.,* 75 Ill.App.3d 298, 310, 30 Ill.Dec. 876, 886, 393 N.E.2d 1223, 1233 (1st Dist.1979). Two further elements must be alleged. First, the insurer must have known that it was liable on the contract but nonetheless refused to pay. *Langendorf v. Travelers State Ins. Co.,* 625 F.Supp. 1103, 1108 (N.D.Ill.1984); *Barr v. Safeco Ins. Co. of America,* 583 F.Supp. 248, 259 (N.D.Ill.1984). Second, the insurer must know that if it did not pay on its policy, the insured would suffer substantial damage and injury. *Id.*

In Count II, Armitage satisfies the first requirement by alleging that it transmitted a copy of the *Allied* complaint to Verlan and requested that Verlan defend and indemnify it, that Verlan knew of its duty to defend under the policy but has refused to do so. Counterclaim ¶¶ 4, 6, 7, 14. However, Armitage fails to adequately allege the second element of the tort. Nowhere in Count II does Armitage state that Verlan knew that if it refused to pay on the policy, Armitage would suffer substantial harm. Absent such an allegation, Armitage has not pled sufficient facts in Count II to entitle it to relief.

■ Similarly, Count III purports to state a claim for an intentional tort by repeating all of the allegations of Count II and adding that the acts were "intentional, wanton and willful" and that Verlan's conduct injured Armitage. Willful and wanton misconduct is considered an aggravated form of bad faith. *Barr Co., supra,* 583 F.Supp. at 256. Despite the incorporation of paragraphs 1–16 of the counterclaim, however, this allegation is too conclusory to survive a motion to dismiss. *See Langendorf, supra,* 625 F.Supp. at 1103, 1109 (allegation that insurer's denial of claim " 'was reasonably calculated to cause' [plaintiffs] severe emotional distress" may be too conclusory to survive a motion to dismiss).

### Prayer for Punitive Damages, Costs and Fees in Counts I–IV

Verlan claims that even if the compensatory claims are not barred by Section 155,

---

the taxable costs," not damages. *Allianz, supra,* No. 84 C 10860, slip op. at 3.

Armitage's request for punitive damages, costs and attorneys' fees in each of the four counts is preempted by Section 155. Because the court has determined that Counts II and III fail to state a claim, it is unnecessary to consider whether Armitage may recover punitive damages on these counts.

Verlan also argues, however, that Armitage's request for attorneys' fees in Counts I and IV must be stricken because such relief is not recoverable for breach of contract. Verlan's Memo. at 4.[4] Absent statutory authority or agreement between the parties, the court will not award attorneys' fees. *Meyer v. Marshall*, 62 Ill.2d 435, 343 N.E.2d 479 (1976). Neither a statute nor the policy at issue entitles Armitage to recover attorneys' fees incurred in related litigation. Therefore, Armitage's request for attorneys' fees in Counts I and IV shall be stricken.

## CONCLUSION

Counts II and III of the counterclaim are not preempted by Section 155 of the Illinois Insurance Code to the extent that they seek to recover compensatory damages arising from Verlan's refusal to defend Armitage in the *Allied* action. As alleged, however, Counts II and III do not state claims for breach of Verlan's duty to act in good faith and deal fairly with Armitage. Verlan's motion to dismiss is therefore granted as to Counts II and III of the counterclaim, and both counts are dismissed in their entirety. Because attorneys' fees are not recoverable absent statutory authority or agreement between the parties, the prayer for attorneys' fees in Counts I and IV is stricken.

---

**4.** Armitage seeks attorneys' fees rather than punitive damages in Counts I and IV. Verlan mischaracterizes these claims as "punitive damages" and argues, correctly, that punitive damages are not recoverable in Illinois for breach of contract. *See Morrow v. L.A. Goldschmidt Asso-* *ciates*, 112 Ill.2d 87, 96 Ill.Dec. 939, 941, 943–44, 492 N.E.2d 181, 183, 185–86 (1986). The attorneys' fees sought in Counts I and IV likewise are not recoverable but for the reason stated in the text.