**BAGCRAFT CORPORATION OF AMERICA, an Illinois corporation, Plaintiff,**

v.

**FEDERAL INSURANCE COMPANY, a foreign corporation, and Commercial Union Insurance Company, a foreign insurance corporation, Defendants.**

No. 93 C 5332.

United States District Court, N.D. Illinois, E.D.

April 8, 1994.

---

Gerald G. Saltarelli, Samuel W. Ach, R. Douglass Bond, Butler, Rubin, Saltarelli & Boyd, Chicago, IL, for plaintiff.

Robert J. Kopka, Ralph A. Youngs, Landau, Omahana & Kopka, Ltd., Chicago, IL, for Federal Ins. Co.

Jeffrey L. Kaser, Rivkin, Radler & Kremer, Chicago, IL, for Commercial Union.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff, Bagcraft Corporation of America, brings this action against defendants, Federal Insurance Company ("Federal Insurance") and Commercial Union Insurance Company ("Commercial Union"). Defendants issued insurance policies to plaintiff but a dispute arose when defendants allegedly failed to defend plaintiff in an administrative proceeding, a state court action, and a federal court action. These three complaints against plaintiff were brought by non-parties to the insurance contract who were seeking recovery from plaintiff of costs incurred in cleaning-up environmental damage. Thereafter, plaintiff initiated this action by filing a three-count complaint charging defendants with breach of contract (count I), bad faith (count II), and vexatious and unreasonable refusal to settle under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155 ("Section 155") (count III). Commercial Union has moved to dismiss count II of the complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. FRCP 12(b)(6).

Commercial Union has moved to dismiss count II on the ground that bad faith claims against insurers are preempted by Section 155. The statute states in pertinent part:

In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $25,000;

(c) the excess of the amount which the court or jury finds such party is entitled to

recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155.

There has been some disagreement over the preemptive scope of Section 155 and the Illinois Supreme Court has not yet settled the issue. Most of the reported cases address the issue of whether Section 155 preempts claims for compensatory damages or only claims for punitive damages. See, e.g., *Bageanis v. American Bankers Life Assurance Co. of Florida*, 783 F.Supp. 1141, 1147 (N.D.Ill.1992) (discussing the split among the federal and state courts on whether Section 155 preempts claims for punitive and compensatory damages). However, another issue that has been litigated, and the issue raised by Commercial Union's motion, is whether Section 155 preempts claims when they are based upon a claim made by a nonparty to the insurance contract against the insured. See *Daubert Chemical Co. v. CIGNA Property and Casualty Co.*, No 90 C 6587, 1991 WL 113201 (N.D.Ill., June 19, 1991) (Section 155 preempts a bad faith claim against the insurer whether it is made directly by the insured or results from the insurer's handling of a dispute between the insured and a non-party to the insurance contract); *National Union Fire Ins. v. Continental Illinois*, 673 F.Supp. 267, 270 (N.D.Ill. 1987) (Shadur, J.) (Section 155 provides a remedy for unreasonable delays in settling claims made by the insured but does not preempt claims for unreasonable delays in settling claims made by a nonparty to the insurance contract against the insured).

■ The issue raised presents a question of Illinois state law. It is accordingly this court's duty to predict whether the Illinois Supreme Court would hold that Section 155 extends to an insurer's unreasonable delay or failure to settle with a non-party to an insurance policy who has brought claims against the insured. *American Centennial Ins. Co. v. American Home Assurance Co.*, 729 F.Supp. 1228, 1233 (N.D.Ill.1990). In making this determination, this court may consider all sources that help to reasonably predict what the Illinois Supreme Court would deter-

mine the law to be, including the language of the statute itself and relevant state and federal precedents. *Bageanis v. American Bankers Life Assurance of Florida*, 783 F.Supp. 1141, 1147 (N.D.Ill.1992).

■ In interpreting Section 155, the court must begin with a study of the statute's text and recognize that the fundamental goal of statutory interpretation is to ascertain the legislature's intent and give it effect. *Harvey Fireman's Association v. City of Harvey*, 75 Ill.2d 358, 27 Ill.Dec. 339, 389 N.E.2d 151 (1979); *C.S. Johnson Co. v. Champaign National Bank*, 126 Ill.App.3d 508, 510, 81 Ill. Dec. 663, 467 N.E.2d 363 (1984). The statute's actual words must be understood in their commonly accepted meaning unless the legislature has stated otherwise. *Bowes v. City of Chicago*, 3 Ill.2d 175, 201, 120 N.E.2d 15 (1954).

Section 155 states that "[i]n *any* action by or against a company ... for an unreasonable delay in settling a claim" a court may allow attorney fees "plus an amount not to exceed any one of the" amounts listed in the statute as part of the "taxable costs" if "it appears to the court that such ... delay is vexatious and unreasonable." 215 ILCS 5/155 (emphasis added). Plaintiff cites to a series of federal district court cases for the proposition that Section 155 applies only to actions involving unreasonable delay in settling claims of the insured against the insurer and not to actions involving unreasonable delay by the insurer in settling claims brought by non-parties to the insurance policy against the insured. See, e.g., *National Union Fire Ins. Co. v. Continental Illinois Corp.*, 673 F.Supp. 267, 270–72 (N.D.Ill.1987); *Verlan Ltd. v. John L. Armitage & Co.*, 695 F.Supp. 955, 957 (N.D.Ill.1988); *Rush Presbyterian St. Luke's Medical Ctr. v. Safeco Ins. Co.*, 722 F.Supp. 485, 490 (N.D.Ill.1989). However, this court finds no basis for such a distinction in the statute.

The United States Court of Appeals for the Seventh Circuit has decided a case involving Section 155 preemption. *Kush v. American States Ins. Co.*, 853 F.2d 1380 (7th Cir.1988). In *Kush*, the chairman and sole stockholder of the insured corporation sued

the insurer for intentional infliction of emotional distress arising from the insurer's handling of a third-party claim made against the corporation. *Id.* The court noted that there was no precedent for permitting someone who was neither a policyholder nor a beneficiary to bring such a claim against the insurer. *Id* at 1383. Furthermore, even if the court found Kush to be the de facto insured, the court held the claim to be preempted by Section 155. *Id* at 1384–86. See *Becker v. United Security Life Insurance Company of Illinois,* 1988 WL 124139, 1988 U.S.Dist. LEXIS 12878 (N.D.Ill., November 15, 1988) (*Kush* would also apply to claims based upon a breach of the duty to deal in good faith).

Although the Seventh Circuit did not discuss Section 155's preemptive scope with respect to an insurer's failure to settle claims asserted against the insured by non-parties to the insurance contract, it nevertheless provides guidance as to the statute's preemptive scope. In *Kush* the court held that "any count alleging nothing more than the conduct proscribed by Section 155, is preempted by the statute" regardless of the legal theory asserted. *Id* at 1385 (quoting *Combs v. Insur. Co.,* 146 Ill.App.3d 957, 962–63, 100 Ill. Dec. 525, 529, 497 N.E.2d 503, 507 (1986). Thus, the Seventh Circuit, consistent with Section 155's language, applied Section 155's preemptive force very broadly. For example, the statute's silence as to the identity of the plaintiff was a justification the Seventh Circuit relied upon when it broadly read the statute to encompass a situation which the court felt was an attempt to circumvent the legislative policy. *Kush* at 1386. See also *Mazur v. Hunt,* 227 Ill.App.3d 785, 794, 169 Ill.Dec. 848, 854, 592 N.E.2d 335, 341 (1992) (Section 155 broadly read so that an action for fraud is deemed preempted because the field is governed by Section 155 when the insured's claim against his insurer seeks as damages those which might be recovered in an action on the insurance policy).

Ultimately, the Seventh Circuit found that the core of Kush's claim was the allegation that there had been a "vexatious and unreasonable delay" by the insurer. *Id* at 1385. The court found that this conduct lay at "the heart of section 155" and therefore found the claim preempted. *Id.* Accord *Bageanis v. American Bankers Life Assurance Co. of Florida,* 783 F.Supp. 1141, 1149 (N.D.Ill. 1992) (count III of plaintiff's complaint alleging that American Banker's denial of coverage was "willful, malicious, vexatious and unreasonable" fell within the heart of Section 155 and was therefore preempted).

When deciding a motion to dismiss, all well-pleaded facts alleged in the complaint are accepted as true. *Gray v. County of Dane,* 854 F.2d 179, 182 (7th Cir.1988). Count II alleges that defendants failed to attempt to settle within the policy's limits the three actions against plaintiff brought by non-parties to the insurance contract. In count II, the plaintiff characterized defendants' conduct as a "willful, vexatious, and wanton effort to evade its coverage obligations" and therefore a breach of the implied duty of good faith and fair dealing. As the defendants' refusals to attempt to settle the claims made by non-parties to the insurance contract are grounded in unreasonable and vexatious conduct, the actions fall squarely within the scope of Section 155 and the claim is preempted by it. See *Zakarian v. Prudential Insur. Co.,* 652 F.Supp. 1126, 1137 (N.D.Ill.1987) ("refusal" by the insurer to act on behalf of the insured, is the equivalent of "a permanent and total 'delay' (the statutory term)." When the insurer's refusal amounts to "unreasonable and vexatious conduct" it is covered by Section 155 and the claim is preempted). See 215 ILCS 5/155; *Kush,* 853 F.2d at 1385.

In support of the contention that count II is not preempted, plaintiff cites Judge Shadur's opinion in *National Union Fire Ins. Co. v. Continental Illinois Corp.,* 673 F.Supp. 267 (N.D.Ill.1987), and several cases following that opinion. E.g., *Civic Fed. Sav. Bank v. Hanover Ins. Co.,* 1992 WL 188409 *3 (N.D.Ill.1992); *Rush Presbyterian St. Luke's Medical Ctr. v. Safeco Ins. Co.,* 722 F.Supp. 485, 490 (N.D.Ill.1989); *Verlan Ltd. v. John L. Armitage & Co.,* 695 F.Supp. 955, 957–958 (N.D.Ill.1988). The underlying rationale of these cases seems to be the belief that should Section 155 preempt all bad faith claims made by the insured against the insurer, the insured may be left inadequately protected.

E.g., *National Union,* 673 F.Supp. at 272. The court in *Verlan* expressed the view that "while Section 155 may adequately protect an insured from unreasonable delay in paying the insured's own claim under the policy, it does not adequately protect an insured who is exposed to liability to a third party far in excess of the policy limits because of the insurer's bad faith." *Verlan,* 695 F.Supp. at 957.

Moreover, in *National Union,* the court stated that when the insurer "frustrates a third party's willingness to settle a claim against the insured within the policy limits, the damage to the insured is truly direct rather than consequential" thus warranting a finding that such claims are beyond the scope of Section 155. *National Union,* 673 F.Supp. at 271. However, the Illinois Appellate Court has held that "where the legislature has provided a remedy on a subject matter we are not only loath but in addition harbor serious doubts as to the desirability and wisdom of implementing or expanding the legislative remedy by judicial decree." *Debolt v. Mutual of Omaha,* 56 Ill.App.3d 111, 116, 13 Ill.Dec. 656, 660, 371 N.E.2d 373, 377 (1978). See also *Cunningham v. Brown,* 22 Ill.2d 23, 174 N.E.2d 153 (1961); *Hall v. Gillins,* 13 Ill.2d 26, 147 N.E.2d 352 (1958); *Barr Co. v. Safeco Insurance Co. of America,* 706 F.Supp. 616, 617 (N.D.Ill.1989) (Illinois Supreme Court doctrine dictates that "courts should not implement or expand by judicial decree remedies already provided by the legislature.")

Section 155 strikes a balance between providing the insured with a remedy for specified vexatious and unreasonable conduct by the insurer and protecting insurers from huge awards of damages bearing no relationship to the amounts at issue under the insurance policies. See *Kush,* 853 F.2d at 1386 (Section 155 "strikes a balance between the individual insured party's need for compensation and the broad societal interest in avoiding excessive damage awards that result in price increases to all policyholders, perhaps making some insurance prohibitively expensive for the average consumer"). If Section 155 strikes that balance too favorably to insurers, it is a matter for the Illinois General

Assembly to remedy, not the courts. See *Debolt v. Mutual of Omaha,* 56 Ill.App.3d at 117, 13 Ill.Dec. at 661, 371 N.E.2d at 378 ("it may well be that the statutory remedy should provide greater relief but we hold that to be a matter for legislative determination.")

The concern of the court in *National Union* and the cases following it, that an insured's remedy may be unreasonably restricted by Section 155 in cases like the one at bar, although of great force logically, do not have a basis in the statute. 215 ILCS 5/155. Section 155 limits the insurer's possible liability in the cases within its scope, and its scope is certainly broad enough to include the case at bar. This court greatly respects the logic of the reasoning in *National Union,* and shares in the concern that in some cases Section 155's remedy limit may be unreasonably low. However, because of the statute's broad scope and broadly preemptive effect, this court is unable to agree that Section 155 is not preemptive in cases like the one at bar.

Moreover, if doubts remain as to the meaning of the statute, courts may look to the legislative history for guidance. *McQueen v. Erickson* (1978), 61 Ill.App.3d 859, 19 Ill.Dec. 113, 378 N.E.2d 614. In its review of the history of Section 155, the Seventh Circuit in *Kush* held that the Illinois legislature had preempted the field by enacting Section 155. *Kush* at 1385. Furthermore, the Illinois Appellate Court in *Combs* found that:

> [T]his is not a case where the legislature has refused to enact a regulation to control the abuses of the insurance industry. The subject statute, as originally enacted in 1975, allowed an aggrieved insured to recover a prescribed amount of attorney fees in addition to recovery of proceeds under the policy. In 1977, the legislature deemed it necessary to expand plaintiff's relief to include all reasonable attorney fees, other costs, an additional sum amounting to a penalty, as well as recovery of the proceeds under the policy. The Illinois legislature, by virtue of these enactments has clearly manifested its intent to keep this matter within its power and control.

*Combs,* 146 Ill.App.3d at 962–963, 100 Ill.Dec. at 529, 497 N.E.2d at 507.

 Defendant has argued that "Bagcraft cannot on the one hand claim in its response brief that Section 155 applies only to first-party claims, but in its complaint allege a cause of action under Section 155 for what Bagcraft admits is a third-party claim." Count III of the complaint alleges that the defendants' refusal to settle the federal court action was "vexatious and unreasonable" and thereby a violation of Section 155. Thus, counts II and III of the complaint were properly alleged in the alternative pursuant to Federal Rules of Civil Procedure 8(e)(2). FRCP 8(e)(2).

ORDERED: Defendant Commercial Union Insurance Company's motion to dismiss is granted, and count II of the complaint is dismissed.