STEVEN M. CRAMER, Plaintiff-Appellee, v. INSURANCE EXCHANGE AGENCY *et al.*, Defendants (Economy Fire and Casualty Company *et al.*, Defendants-Appellants).

Third District    No. 3—94—0623

Opinion filed September 7, 1995.

Karen L. Kendall, David A. Perkins, and Craig L. Unrath, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellants.

Steven Cramer, of Abington, appellee *pro se*.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Steven M. Cramer, filed suit against the codefendants, Economy Fire & Casualty Company and agent Laurie Koester (collectively, Economy), alleging negligence, fraud and deceptive

practice in the cancellation of an insurance policy. The trial court denied Economy's motion for summary judgment but certified the following questions for review pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308): (1) whether section 155 of the Illinois Insurance Code (Code) (215 ILCS 5/155 (West 1992)) preempts a common law fraud cause of action against an insurance company for its allegedly unreasonable conduct in denying an insurance claim; and (2) whether a limitation provision in an insurance policy which states "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss" applies to a common law fraud cause of action against an insurance company for its allegedly unreasonable conduct in denying an insurance claim. We answer both questions in the negative.

The plaintiff purchased a policy of personal property insurance from Economy in late October 1991. According to Economy, a notice of cancellation was sent to the plaintiff on December 2, 1991, explaining that the policy was being cancelled because the company had been unable to secure a phone number where the plaintiff could be reached, to secure previous insurance coverage for the dwelling, to confirm the type of construction of the dwelling, to obtain driving directions to the dwelling's rural location and to obtain a more specific occupation for the plaintiff. The policy cancellation was allegedly effective January 6, 1992. The plaintiff, in a sworn affidavit, denied ever receiving this cancellation notice.

On January 9, 1992, the plaintiff's home was burglarized. On February 14 and 25, Economy wrote letters to the plaintiff advising him that Economy needed more information in order to process his claim. A letter dated March 2 indicates that Economy was unable to make a commitment regarding coverage because its investigation of the claim was still ongoing. On May 6, Economy wrote to the plaintiff again, alerting him to the fact that his proof of loss statement had not been filed and that failure to file the proof of loss within 60 days was itself reason to deny the claim. Economy did not deny the claim at that time, however, but extended the time for the plaintiff to file his proof of loss to June 3.

The plaintiff submitted his proof of loss statement on May 20, 1992. On May 22, Economy denied the plaintiff's claim because the burglary had occurred three days after the cancellation of his policy. Thereafter, Economy refunded the plaintiff's premium in June 1992.

In October 1993, the plaintiff filed this suit *pro se*. The trial court found that although it was inartfully drafted, the complaint sufficiently alleged negligence, fraud and deceptive practice against Economy. Economy moved for summary judgment, asserting section

155 of the Code as well as the policy's suit limitation clause as bars to the plaintiff's claim. The trial court denied Economy's motion, but certified the instant appeal pursuant to Supreme Court Rule 308.

The first issue certified for review is whether section 155 of the Code preempts a common law fraud cause of action against an insurance company for its allegedly unreasonable conduct in denying an insurance claim.

■ Section 155 provides, in part, as follows:

"Attorney fees. (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance *** and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company ***;
***

(c) the excess of the amount which the court or jury finds such party is entitled to recover *** over the amount, if any, which the company offered to pay in settlement ***." 215 ILCS 5/155(1) (West 1992).

■ The Appellate Court, First District, has held that section 155 preempts all common law tort actions, whether asking for compensatory or punitive damages, if they are based on an insurer's bad-faith conduct. (See *Kinney v. St. Paul Mercury Insurance Co.* (1983), 120 Ill. App. 3d 294, 458 N.E.2d 79.) This position has found further support in the United States Court of Appeals, Seventh Circuit. *Kush v. American States Insurance Co.* (7th Cir. 1988), 853 F.2d 1380.

The more widely accepted position, however, is that while section 155 preempts claims for punitive damages, compensatory damages are recoverable. This position has been adopted by the Appellate Court, Second District (*Hoffman v. Allstate Insurance Co.* (1980), 85 Ill. App. 3d 631, 407 N.E.2d 156), Fourth District (*Calcagno v. Personalcare Health Management, Inc.* (1991), 207 Ill. App. 3d 493, 565 N.E.2d 1330), and Fifth District (*Kohlmeier v. Shelter Insurance Co.* (1988), 170 Ill. App. 3d 643, 525 N.E.2d 94). In agreement with these courts is the United States District Court for the Northern District of Illinois. *UNR Industries, Inc. v. Continental Insurance Co.* (N.D. Ill. 1984), 607 F. Supp. 855.

The *UNR Industries* court found that the plain meaning of section 155 evidences no intent to preempt compensatory damages because the language of the section refers only to attorney fees and taxable costs and not to compensation for damages sustained by the

plaintiff. While we are aware that the Seventh Circuit's decision in *Kush* effectively overrules *UNR*, we note that decisions of the lower Federal courts are not conclusive on State courts. (*People v. Bean* (1990), 137 Ill. 2d 65, 560 N.E.2d 258.) However, these decisions may be persuasive authority. (*Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 413 N.E.2d 47.) Thus, we are free to examine the rationale in these cases and determine which contains the most plausible interpretation of the statute.

In *Calcagno*, the Appellate Court, Fourth District, found that subsections (a) and (c) imply the existence of a separate award for compensatory damages when those sections refer to "the amount which the court or jury finds such party is entitled to recover." It noted as well that section 155 contains no specific reference to compensatory damages. It refers instead to "taxable costs in the action," which the court found ordinarily means the costs of prosecuting or defending a lawsuit exclusive of attorney fees.

We find the reasoning of *UNR Industries* and *Calcagno* highly compelling. Therefore, we conclude that section 155 of the Code does not preempt a common law fraud action against an insurance company for allegedly unreasonable conduct in denying an insurance claim.

Next, we examine whether the limitations provision in the plaintiff's insurance policy bars any or all of the tort causes of action alleged in the plaintiff's complaint. Although we note that the certified question asks only whether a common law fraud action is barred, we choose to address the limitations clause as it applies to all tort actions because that is the analysis which concerned the trial court, and we wish to provide a complete answer to the court's question.

■ Limitations periods, while commonly included in insurance contracts, do not apply to "different or collateral actions involving, in some measure, the policy proceeds or growing out of the insurer's duties to the insured." (*Illinois Central Gulf R.R. v. Continental Casualty Co.* (1985), 132 Ill. App. 3d 310, 315, 476 N.E.2d 1266, 1270.) No Illinois court has adopted a definitive test for determining whether an action is collateral. Other States have held that an action is collateral if the elements of the tort are satisfied in a manner distinct from a breach of the contract. (See *Asher v. Reliance Insurance Co.* (N.D. Cal. 1970), 308 F. Supp. 847; *Kassab v. Michigan Basic Property Insurance Association* (1990), 185 Mich. App. 206, 460 N.W.2d 300 (both involving claims of allegedly fraudulent inducement to sign an insurance contract).) If the action is nothing more than a breach of contract claim disguised as a tort, the action is not collateral and the suit limitations clause applies. See *Prieto v. State Farm Fire & Casu-*

*alty Co.* (1990), 225 Cal. App. 3d 1188, 275 Cal. Rptr. 362 (coverage fraudulently denied); *Skrupky v. Hartford Fire Insurance Co.* (1972), 55 Wis. 2d 636, 201 N.W.2d 49 (coverage misrepresented).

We find this test to be a useful tool in determining whether the plaintiff's claim is collateral to the insurance contract and thus outside the scope of the limitations clause. Consequently, our next analytical step is to apply this test to the facts of the case at bar.

■ In the instant complaint, the plaintiff has alleged negligence, fraud and deceptive practice against Economy. Those claims arise not out of the denial of the plaintiff's insurance claim, though that certainly was the precipitating factor, but out of the cancellation of his policy. The plaintiff does not seek compensation for his loss because that loss was covered under the policy. Instead, he seeks compensation because he would have been covered absent the negligent, fraudulent or deceptive cancellation of the policy. Thus, the claims of the plaintiff are such that the elements will be satisfied in a manner distinct from any breach of the contract. These claims are therefore collateral to the insurance contract and the suit limitations clause does not apply.

Having decided that the certified questions must be answered in the negative, we hold that the judgment of the circuit court of Knox County denying Economy's motion for summary judgment must be affirmed.

Affirmed.

STOUDER, P.J., and HOLDRIDGE, J., concur.