**CALIFORNIA UNION INSURANCE COMPANY, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

No. 93 C 6262.

United States District Court,
N.D. Illinois,
Eastern Division.

May 29, 1996.

Sonia Victoria Odarczenko, Margaret J. Orbon, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, and Michael James Baughman, Chicago, IL, for plaintiff.

Algimantas P. Kezelis and Robert A. Kezelis, French Kezelis & Kominiarek, P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

On March 28, 1996, we issued a Memorandum Opinion and Order granting summary judgment in favor of California Union on its failure-to-settle claim against Liberty Mutual, and denying Liberty Mutual's motion for summary judgment. *California Union Ins. Co. v. Liberty Mut. Ins. Co.*, 920 F.Supp. 908 (N.D.Ill.1996). Liberty Mutual now asks that we reconsider that order.

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district usually apply Rule 59(e) standards to these motions. *See Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin*, 957 F.2d 515, 517 (7th Cir.), *cert. denied*, 506 U.S. 829, 113 S.Ct. 91, 121 L.Ed.2d 53 (1992); *cf. United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992). The Seventh Circuit has repeatedly cautioned:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. The nonmovant has an affirmative duty to come forward to meet a properly supported motion for summary judgment.... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

*Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665–66 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)). More recently, the Seventh Circuit observed that a motion for reconsideration may perform a valuable function where

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion for reconsideration would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)). While *Bank of Waunakee* arguably adds grist to the court's discretionary mill in considering a Rule 59(e) motion, it remains

true that "motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments." *In re Oil Spill by "Amoco Cadiz" Off the Coast of France on March 16, 1978,* 794 F.Supp. 261, 267 (N.D.Ill.1992), *aff'd,* 4 F.3d 997 (7th Cir.1993).

As the Standing Pretrial Order for this chambers states, "Motions for reconsideration should not be routinely filed and will generally be granted only in a narrow set of circumstances." J. CASTILLO'S STANDING PRETRIAL ORDER FOR ALL CIVIL CASES at 3 (1996). This Court has further stated:

> As the above standards indicate, ... these motions should not be filed as a matter of routine by the party who has been adversely impacted by a court's ruling. This Court, just like the National Football League ("NFL"), has done away with the concept of "instant replay." This Court, just like all other courts, works diligently and strives carefully to issue its best opinion while deciding any motion. Unless the parties can convince this Court that the standards described above have been met (*i.e.,* to correct "manifest errors of law or to present newly discovered evidence"), this Court strongly believes that the parties' energies can be better served by pursuing their rearguments at the proper time on appeal. Filing a motion to reconsider should not be a "Pavlovian Response" to an adverse ruling.

*Jefferson v. Security Pac. Fin. Servs., Inc.,* 162 F.R.D. 123, 125 (N.D.Ill.1995).

The bulk of Liberty Mutual's motion is exactly the type of reiteration of the same old arguments identified above as an insufficient basis for a motion for reconsideration. Generally speaking, Liberty Mutual's arguments were considered and rejected in our previous opinion. Only two points are worth mentioning here: the argument that this Court's opinion held that high-low settlement offers are *per se* unreasonable, and the argument that the Illinois insurance code, 215 ILCS § 5/155, applies to this case.

■ Even a brief reading of the Court's opinion will deflate the first argument, but we will re-state our holding here so that there can be no mistake that we do not find high-low settlement offers or agreements un-

reasonable as a matter of law. Rather, we found that, under the circumstances presented at the time that the underlying case went to trial, Liberty Mutual's belated offer of a high-low settlement agreement was unreasonable when viewed objectively. It goes without saying that such a determination must be limited to the facts of this case. Liberty Mutual's alarmist argument that our holding will eliminate high-low agreements is meritless.

■ The second argument—that under Illinois law, causes of action such as the one brought by California Union in this case are preempted by § 155 of the insurance code— is likewise meritless. In *National Union Fire Ins. Co. v. Continental Ill. Corp.,* 673 F.Supp. 267 (N.D.Ill.1987), the court conducted a careful analysis of the Illinois law on this very question, and concluded that § 155 was intended to apply only to claims brought by an insured against an insurer where the subject at issue was the policy itself—e.g., whether the policy covers the insured's claim, or under what circumstances the policy can be cancelled, etc. The court held that § 155 does not preempt the common law cause of action against an insurer for negligence or bad faith in the defense of a claim brought by a third party against the insured. *Id.* at 271.

A review of subsequent (and prior) Illinois case law shows that the *National Union* distinction between cases concerning the scope of the insurance relationship and cases involving the insurer's defense of claims brought against the insured by a third party is sound. Without exception, all of the cases cited by Liberty Mutual in support of preemption are of the former variety, and involve the terms of the policy. By contrast, California Union's claim here involves the latter type of case.

Liberty Mutual has not cited to us (and we are unable to find) any Illinois case holding that § 155 preempts a common law failure-to-settle claim falling into this latter category. Instead, several recent Illinois cases involve such common law claims brought against insurers, implying that these claims are not preempted by § 155. *See Mid-America Bank & Trust Co. v. Commercial*

*Union Ins. Co.,* 224 Ill.App.3d 1083, 167 Ill. Dec. 199, 587 N.E.2d 81 (5th Dist.1992) (common law failure-to-settle claim involving third party claim against insured); *Brocato v. Prairie State Farmers Ins. Ass'n,* 166 Ill. App.3d 986, 117 Ill.Dec. 849, 520 N.E.2d 1200 (4th Dist.1988) (same); *Sanders v. Standard Mut. Ins. Co.,* 142 Ill.App.3d 1082, 97 Ill.Dec. 258, 492 N.E.2d 917 (4th Dist.1986) (common law failure-to-settle claim is assignable). Additionally, several later federal district court decisions have followed *National Union. See American Centennial Ins. Co. v. American Home Assurance Co.,* 729 F.Supp. 1228 (N.D.Ill.1990); *Rush Presbyterian St. Luke's Medical Ctr. v. Safeco Ins. Co.,* 722 F.Supp. 485 (N.D.Ill.1989); *W.E. O'Neil Constr. Co. v. National Union Fire Ins. Co.,* 721 F.Supp. 984 (N.D.Ill.1989); *Verlan, Ltd. v. John L. Armitage & Co.,* 695 F.Supp. 955 (N.D.Ill. 1988).[1] We are aware that one district court decision has held to the contrary on this issue, *see Bagcraft Corp. v. Federal Ins. Co.,* 848 F.Supp. 115, 117–18 (N.D.Ill.1994), but after considering its reasoning we believe that Illinois case law better supports the *National Union* approach.[2]

Liberty Mutual raises one final contention belatedly in its reply brief. Liberty Mutual argues that the Illinois Supreme Court will visit the issue of the application of § 155 shortly in *Cramer v. Insurance Exchange Agency,* 275 Ill.App.3d 68, 211 Ill.Dec. 436, 655 N.E.2d 465 (3d Dist.1995), *appeal granted,* 164 Ill.2d 560, 214 Ill.Dec. 318, 660 N.E.2d 1267 (1995), and asks this Court to withdraw our opinion and await the guidance of the Illinois Supreme Court. This argument is futile because *Cramer* does not involve the type of claim at issue here—it is a dispute over the terms of an insurance relationship, not a claim arising out of an insurer's defense of a third party claim. Thus,

any eventual Illinois Supreme Court decision in *Cramer* is unlikely to be relevant here.

For the foregoing reasons, Liberty Mutual's motion for reconsideration is denied.

---

1. We thus find puzzling Liberty Mutual's assertions that "there are no Illinois decisions from the Appellate or the Supreme Court level which discuss common law duties of an insurer after 1987" and that only one federal court has followed *National Union's* analysis. While no reported Illinois decision directly discusses whether § 155 preempts claims such as the present one, the above-cited post–1987 Illinois cases certainly do "discuss [the] common law duties of an insurer."

2. We note parenthetically that considerable confusion appears to exist concerning the application of § 155 to *other* types of cases, e.g., whether it preempts both compensatory and punitive damages in scope-of-coverage cases, or only punitive damages. *See Bageanis v. American Bankers Life Assurance Co.,* 783 F.Supp. 1141, 1147 (N.D.Ill.1992) (citing cases). Those issues are not presented, here, however.