OPINION
Kathryn Bennett is appealing the judgment of the Clark County Common Pleas Court which overruled her motion for prejudgment interest.
On February 24, 1999, Kathryn Bennett and Robert Pullins were involved in a motor vehicle accident. Mr. Pullins failed to yield while making a left turn on Derr Road in Springfield, Ohio in Clark County and struck Ms. Bennett. Ms. Bennett claims that as a result of the accident she suffered injuries causing pain and suffering, medical expenses, and lost wages. However, Ms. Bennett had previously fallen in a bathtub and suffered an injury and was involved in another accident while this litigation was pending, which Mr. Pullins asserted made calculating damages from their accident difficult.
During the course of discovery, the court referred the case to arbitration, which the parties agreed would be binding. Mr. Pullins proposed that the parties enter into an agreement where if the arbitration awarded Ms. Bennett over $200,000 she only receive $200,000, but if the arbitration awarded her less than $15,000, she receive $15,000, and if arbitration awarded her an amount between $15,000 and $200,000, she receive the amount awarded. Ms. Bennett did not agree to the high-low offer and the matter went to arbitration where Ms. Bennett was awarded $35,000 on Oct. 18, 2001.
On November 5, 2001, Ms. Bennett filed a motion for prejudgment interest in which she requested that the court make its determination at a "hearing, either oral or non-oral, as the Court may determine." Ms. Bennett supported her motion with an affidavit from her counsel and correspondence between counsel for both parties. Mr. Pullins filed a memorandum contra to the motion and supported it with portions of depositions, Ms. Bennett's pre-trial statement, Ms. Bennett's arbitration brief, and an affidavit of Mr. Pullins's counsel. Ms. Bennett filed a reply. On January 16, 2001, the trial court denied the motion finding that after review, Mr. Pullins had made a good faith effort to settle the case. Ms. Bennett filed an appeal from this decision.
Ms. Bennett raises the following assignments of error:
 "1. THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON THE PLAINTIFF-APPELLANT'S MOTION FOR PREJUDGMENT INTEREST.
 "2. THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF-APPELLANT'S MOTION FOR PREJUDGMENT INTEREST."
Appellant's first assignment of error:
 Ms. Bennett argues that the trial court erred in failing to hold either an oral or non-oral evidentiary hearing. We disagree.
An appellate court should only reverse a trial court's decision on the type of hearing to hold upon a finding of abuse of discretion. An abuse of discretion amounts to more than a mere error of law or judgment but implies the attitude of the trial court was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 1343.03(C) provides:
 "Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
This court has clarified R.C. 1343.03's hearing requirement and stated that "a trial court is not required to hold an oral evidentiary hearing prior to ruling on a motion for prejudgment interest if neither party has demonstrated the existence of a genuine issue of fact material to that issue, and no genuine issue of fact material to the issue of prejudgment interest is apparent in the record." Goudy v. Stockton, Greene App. No. 2001-CA-46, 2001-Ohio-1459.
"[A] trial court does not abuse its discretion by ruling on a motion for prejudgment interest without holding a hearing if the respondent has notice and the opportunity to respond to the movant's arguments, and the court determines that there are no genuine issues of fact material to the issue of prejudgment interest that would preclude resolution of the issue based upon the trial court's own observations of the parties' settlement efforts and its reading of their briefs. If, however, it appears that there are genuine issues of fact, then the court should hold an evidentiary hearing on the motion prior to rendering a decision."Goudy, supra.
In Ms. Bennett's motion for prejudgment interest she attached an affidavit and exhibits demonstrating that Mr. Pullins had never made a settlement offer of a set figure to Ms. Bennett. However, Ms. Bennett did not contest that Mr. Pullins had made a proposal for a high-low agreement in connection with binding arbitration. Mr. Pullins had proposed that the parties enter into an agreement where if the arbitration awarded Ms. Bennett over $200,000 she only receive $200,000, but if the arbitration awarded her less than $15,000, she receive $15,000, and if arbitration awarded her an amount between $15,000 and $200,000, she receive the amount awarded. Ms. Bennett rejected the high-low agreement proposal because she felt $15,000 was too low. If the high-low proposal amounted to a good faith settlement offer as is discussed in the second assignment of error, no genuine issue of fact remained as to whether Mr. Pullins had made a good faith settlement offer and whether to grant the motion for prejudgment interest. Since we find in the second assignment of error that the trial court did not abuse its discretion in determining that the high-low proposal in this situation amounted to a settlement offer, we find that the trial court did not abuse its discretion in failing to hold an evidentiary hearing on the prejudgment interest motion. The first assignment of error is without merit and is overruled.
Appellant's second assignment of error:
 Ms. Bennett argues that the trial court abused its discretion in overruling her motion for prejudgment interest where Mr. Pullins failed to make a good faith offer to settle, even though he proposed entering into a high-low agreement as a part of binding arbitration. We disagree.
The determination whether to award prejudgment interest based on the evidence presented by the parties lies within the sound discretion of the trial court. Scioto Mem. Hosp. Assn. v. Price Waterhouse,74 Ohio St.3d 474, 479, 1996-Ohio-365. A trial court's decision denying a motion for prejudgment interest will not be reversed absent a showing that it constitutes an abuse of discretion. Id. As stated above, an abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore, supra.
"A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." Moskovitz v. Mt. Sinai Med. Ctr., 69 Ohio St.3d 638,658-659, 1994-Ohio-324.
The Moskovitz court clarified that a trial court may consider evidence it finds equally persuasive to whether a monetary settlement offer was made, such as "the type of case, the injuries involved, applicable law, defenses available," and whether the plaintiff's demand was "substantiated by facts and figures." Id. at 659. Additionally, while arbitration has been held in Ohio not to amount to settlement, the policy of Ohio law is to favor and encourage arbitration. Woods v. FarmersIns. of Columbus, Inc. (1995), 106 Ohio App.3d 389, 399; Brennan v.Brennan (1955), 164 Ohio St. 29, syllabus, 57 O.O. 71; Trupp v. StateFarm Mut. Auto. Ins. Co. (1989), 62 Ohio App.3d 333, 342.
The New Jersey Superior Court Appellate Division found that prejudgment interest was not appropriate where a high-low agreement existed because it was the same as a settlement. Benz v. Pires (N.J.Super. 1994),636 A.2d 101, 104. Several courts in other states have referred to high-low agreements as settlement offers or agreements. Birth Center v.St. Paul Cos. (Pa. 2001), 787 A.2d 376; New York City Hous. Auth. v.Hous. Auth. Risk Retention Group, Inc. (C.A.2, 2000), 203 F.3d 145;Fiegener v. Freeman-Oak Hill Health Sys. (Mo.App. 1999), 996 S.W.2d 767;California Union Ins. Co. v. Liberty Mut. Ins. Co. (N.D.Ill. 1996),930 F. Supp. 317; Stewart v. M.D.F., Inc. (C.A. 8, 1996), 83 F.3d 247;Wisconsin Patients Compensation Fund v. CNA Ins. Co. (Wis.App. 1995), 545 N.W.2d 520.
Ms. Bennett argues that Mr. Pullins failed to make a good faith offer to settle because no dispute remained on the issues of liability and whether some damages occurred, and Mr. Pullins failed to offer "at least some money". However, Mr. Pullins asserts that a great dispute existed on the issue of damages because of two additional accidents Ms. Bennett had suffered which made calculating the damages from the accident with Mr. Pullins difficult. Thus, Mr. Pullins argues that he was unable to calculate a settlement figure until after Ms. Bennett submitted to an independent medical examination (hereinafter "IME"), which did not occur until June of 2001. Shortly after the IME, Mr. Pullins proposed the high-low agreement in connection with binding arbitration, with a high figure of $200,000 and a low figure of $15,000. Although a high-low agreement will not dispose of a case on its own as a traditional settlement would, we cannot say that the trial court abused its discretion in determining in light of the facts and circumstances of this case, that the high-low agreement proposal amounted to a good faith offer to settle. Since Mr. Pullins made a good faith offer to settle, the trial court did not abuse its discretion in denying Ms. Bennett's claim for prejudgment interest. The second assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
WOLFF, P.J. and BROGAN, J., concur.