DAVID GAHM, Plaintiff-Appellant, v. CATHERINE CAVE *et al.*, Defendants-Appellees.

Third District No. 3—89—0446

Opinion filed February 27, 1990.

Fellheimer, Travers & Engelman, Ltd., of Pontiac (Robert M. Travers, of counsel), for appellant.

Janet Lanpher and Douglas J. Pomatto, both of Heyl, Royster, Voelker & Allen, of Rockford, and Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, of counsel), for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, David Gahm, appeals from an order of the circuit

court of La Salle County granting defendant's motion for summary judgment in favor of defendant Paul Wachowski as to counts III, IV, V and VI of plaintiff's third amended complaint. Specifically, plaintiff appeals the decision of the trial court as to counts IV and V.

Plaintiff filed his original complaint on November 5, 1987, alleging that he was attacked by a red heifer that entered onto his property. The complaint further alleged that the heifer was owned by defendant Emmett Cave. On February 24, 1988, plaintiff filed his first amended complaint alleging the liability of defendant Emmett Cave pursuant to section 1 (Ill. Rev. Stat. 1987, ch. 8, par. 1), of the Illinois Domestic Animals Running At Large Act (DARLA). Plaintiff filed his second amended complaint on June 16, 1988, including count III, which alleged the liability of defendant Paul Wachowski. On June 12, 1989, defendant Wachowski filed his motion for summary judgment. Plaintiff filed his third amended complaint on June 23, 1989, and on that same date, the trial court granted defendant's motion for summary judgment as to counts III, IV, V and VI of the third amended complaint.

It is undisputed that the heifer in question was owned by defendants Emmett and Catherine Cave. Emmett Cave sought the use of Wachowski's butchering equipment for the purpose of slaughtering his heifer, and Wachowski agreed to let Cave use his equipment. Cave arrived on Wachowski's land early on the morning of January 27, 1987, with a trailer that held the heifer. Cave backed the trailer up to a holding pen and prepared to unload the heifer. Wachowski came out of his house and exchanged words with Cave, as Cave coaxed the heifer out of the trailer. The heifer broke loose while coming out of the trailer and ran out into an open field. Wachowski and Cave gave chase, enlisting the plaintiff's help when the heifer entered onto the plaintiff's land. As plaintiff attempted to aid in her capture, the heifer charged and trampled him.

Count IV of plaintiff's third amended complaint sought damages from Wachowski pursuant to section 1 (Ill. Rev. Stat. 1987, ch. 8, par. 351) of the Animal Control Act (Act). Count IV alleged that Wachowski was an "owner" of the heifer for purposes of the statute. The statute defines "owner" as follows:

"§2.16. 'Owner' means any person having a right of property in a dog or other animal, or who keeps or harbors a dog or other animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog or other domestic animal to remain on or about any premise occupied by him." (Ill. Rev. Stat. 1987, ch. 8, par. 352.16.)

The trial court found that the Animal Control Act did not apply to this set of circumstances. We agree with the trial court's determination.

■■ ■ The Animal Control Act places liability upon the owner of an animal which causes injury. (Ill. Rev. Stat. 1987, ch. 8, par. 366.) The statute then goes on to define "owner" in broad terms, most importantly, for this case, including one who "knowingly permits a *** domestic animal to remain on or about any premise occupied by him." (Ill. Rev. Stat. 1987, ch. 8, par. 352.16.) There is no evidence in the record that the heifer ever remained on or about Wachowski's property. In fact, the animal escaped before ever being unloaded onto Wachowski's property.

Additionally, the Illinois Supreme Court addressed the statutory language in *Steinberg v. Petta* (1986), 114 Ill. 2d 496, and determined that ownership of an animal involved some measure of care, custody or control. Where such right of custody or control does not exist, the statutory requisite is not met. (114 Ill. 2d at 501.) There is no evidence in the record that Wachowski had any degree of control or responsibility toward the heifer.

Finally, this court has previously determined that the Animal Control Act is not the controlling law in actions pertaining to animals running at large. In *Zears v. Davison* (1987), 154 Ill. App. 3d 408, this court held that the Animal Control Act is inapplicable to actions for injuries allegedly sustained as a result of livestock running at large. The court reasoned that the Animal Control Act is a statute originally designed to control animals which might carry rabies, primarily dogs, and that the Domestic Animals Running at Large Act (Ill. Rev. Stat. 1987, ch. 8, par. 1), is better designed to control in situations regarding livestock, such as cattle, which run at large. *Zears,* 154 Ill. App. 3d at 411.

In count V, plaintiff alleged a violation of section 1 (Ill. Rev. Stat. 1987, ch. 8, par. 1) of the Domestic Animals Running at Large Act (DARLA), claiming that Wachowski was a "person or owner" of the animal in question, and negligently permitted the cow to escape from its trailer. DARLA states as follows in pertinent part:

> "§1. No person or owner of livestock shall allow livestock to run at large in the State of Illinois. *All owners* of livestock shall provide the necessary restraints to prevent such livestock from so running at large and shall be liable in civil action for all damages occasioned by such animals running at large; Provided, that *no owner or keeper* of such animals shall be liable for damages in any civil suit for injury to the person or prop-

erty of another caused by the running at large thereof, without the knowledge of such *owner or keeper*, when such *owner* or *keeper* can establish that he used reasonable care in restraining such animals from so running at large." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 8, par. 1.

■ Plaintiff contends that Wachowski falls under the term "keeper" for purposes of liability. He cites the case of *Heyen v. Willis* (1968), 94 Ill. App. 2d 290, wherein the fourth district concluded that in order to qualify as a "keeper" under DARLA, a person would have to be more than a passive landowner. The *Heyen* court specified that an individual must exercise some management, control or care for the animal to be a "keeper." (94 Ill. App. 2d at 292-93.) Plaintiff maintains that because Wachowski was aware that Cave was bringing the heifer to the premises, and he aided Cave in unloading her, he qualifies as a "keeper."

Plaintiff's reasoning is flawed, however, because Wachowski merely aided the owner of the heifer in the unloading process. Control of the animal never passed to Wachowski. Ownership and control remained with defendant Cave throughout the unloading process. It was during that process that the heifer escaped. There remains no room for speculation as to who was the "owner or keeper" under the statute.

Had the heifer been successfully unloaded and secured in one of Wachowski's pens before her escape, an argument could be made for considering Wachowski a "keeper" under DARLA. However, the circumstances of this case illustrate that control was never effectuated in Wachowski. The trial court recognized that plaintiff had no cause of action against Wachowski under DARLA as to Wachowski. Summary judgment was appropriate in this case.

Based on the foregoing, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.