**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240685-U

Order filed August 15, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| MICHELLE L. MENARD, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Kankakee County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-24-0685 |
| | ) | Circuit No. 21-LM-283 |
| | ) | |
| FECKE FARMS, INC., GERALD F. FECKE | ) | |
| and JULIA M. FECKE, | ) | Honorable |
| | ) | Lindsay Parkhurst, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Hettel and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The court did not err by granting summary judgment in favor of defendants because there was no genuine issue of material fact regarding whether defendants were keepers or harborers of an animal under the Domestic Animals Running at Large Act.

¶ 2    Plaintiff, Michelle L. Menard, appeals the Kankakee County circuit court's order granting summary judgment in favor of defendants, Fecke Farms, Inc., Gerald F. Fecke, and Julia M. Fecke. Menard argues that there were genuine issues of material fact as to whether defendants

qualified as keepers or harborers of an animal under the Illinois Domestic Animals Running at Large Act (Act) (510 ILCS 55/1 *et seq.* (West 2018)).[1] We affirm.

¶ 3                                              I. BACKGROUND

¶ 4          This matter arises out of a collision between a vehicle driven by Menard and a cow on October 12, 2019. Menard filed the instant action on October 12, 2021, alleging that defendants owned and/or controlled the cow involved in the collision. Menard alleged that defendants were liable under the Act for injuries she sustained in the collision because they failed to use reasonable care to properly contain the cow.

¶ 5          Defendants filed a motion for summary judgment, arguing that deposition testimony showed that the defendants did not own, keep, harbor, or have any control over the cow at issue, such that they could not be held liable under the Act. Defendants Gerald's and Julia's son, Gerald Fecke, Jr. (JR), testified in his deposition that he owned cattle that sometimes would be on his father's land. Gerald did not own any livestock. Any cattle on Gerald and Julia's property belonged to JR and his wife, Denise Fecke. JR testified that he and Gerald, along with JR's son, "farm together but separately." JR and Denise were the only ones with livestock. Essentially, they worked together but they each owned their own individual operations. JR testified that when the cows are on Gerald's property, they are fenced in with an electric fence. Denise and two of their employees typically put up the fence and take it down, although JR helps sometimes. JR testified that Denise typically takes care of and is in charge of the livestock because he is farming in the fields. Denise and the two employees are the individuals who work with the livestock. JR is typically harvesting when they put up and take down the electric fence.

_____

[1]We note that Menard filed an amended complaint to add additional defendants—Gerald Fecke, Jr. and Denise Fecke—who were the owners of the cow; however, the court granted their motion to dismiss. Although Menard included that order in her notice of appeal, she makes no arguments and raises no issues in regard to that order in her brief. Thus, we do not address that order.

¶ 6        Denise testified in her deposition that she owned livestock with JR. Denise was in charge of the livestock and JR was "more concerned with the crops." Two employees worked with Denise and the livestock. Denise identified the cow involved in the collision with Menard as one belonging to her and JR. Denise, along with two of her and JR's employees, put up an electric fence to keep the cattle enclosed when the cattle were grazing on Gerald's property.

¶ 7        Gerald testified similarly in his deposition. Specifically, he testified that he did not own livestock and neither did Fecke Farms, Inc. or Julia. He further testified that none of them were responsible for maintaining, caring for, or controlling the cattle. Instead, such responsibilities were JR's and Denise's. Gerald did not charge JR for letting the cattle graze on his land. The cattle normally graze in JR's fields but there were times that the cattle would graze in Gerald's fields after the crops were out. The cattle were typically kept on JR's property, except when Gerald's crops were out of the field. Gerald and Julia owned the land where the cattle were grazing at the time of the incident. Fecke Farms, Inc. did not have any ownership interest in the land.

¶ 8        Menard filed a response to the motion for summary judgment, arguing that the deposition testimony indicated that the use of the land was part of the operation of Fecke Farms and that the portions of the land owned by JR and Gerald were routinely used together. Based on these facts, Menard argued that there was a genuine issue of material fact that would allow Fecke Farms, Inc. to qualify as an entity—person, owner, or keeper—subject to liability under the Act.

¶ 9        Defendants filed a reply, arguing that there were no disputed questions of fact. They argued that Menard did not dispute that JR and Denise were the sole owners of the cow, that Fecke Farms, Inc. had no ownership of the land or cow, and that JR and Gerald had separate operations. Defendants argued they were not keepers under the Act because Illinois courts have

3

ruled that to be a keeper, there must be more than passive ownership of grazing lands. They argued that the courts have found that to be a keeper the person must have custody or control of the animal and that they were not keepers as it was undisputed that Denise cared for the cows with two of her and JR's employees.

¶ 10        The court granted summary judgment in favor of defendants. The court found that the undisputed facts were that: (1) JR and Denise owned the cow; (2) defendants did not own the cow or any livestock; (3) Denise and two of her and JR's employees controlled and cared for the cows; (4) defendants did not own, care for, maintain, or control any cattle; (5) JR and Gerald had abutting farmland and Gerald allowed JR to use his land for grazing free of charge; (6) the land on which the cows were grazing on the date of the collision was Gerald's land; and (7) the farms are used together for family farming operations. The court determined that to establish liability as a keeper, Menard had to show that defendants had control over the cow. The court found that Menard failed to allege any facts other than the use of the land for family farming operations from which it could be inferred that defendants had any control, custody, dominion, or management over the cow. Further, the court stated that all deposition testimony showed that defendants had no such control, custody, dominion or management. Thus, the court entered summary judgment in favor of the defendants. Menard appeals.

¶ 11                                    II. ANALYSIS

¶ 12        Menard argues that the court erred by granting summary judgment because there were genuine issues of material fact as to whether defendants qualify as keepers of animals under the Act. She argues that while the farms may have been separate legal entities, the Feckes's conduct blurred any formal distinction, such that the question of whether defendants acted as custodians or harborers of the cattle cannot be resolved without weighing credibility and assessing intent.

4

¶ 13 "Summary judgment should be granted only where the pleadings and supporting documents, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to a judgment as a matter of law." *Sandlin v. Harrah's Illinois Corp.*, 2016 IL App (3d) 150018, ¶ 10. "Although summary judgment is to be encouraged as an expeditious manner of disposing of a lawsuit, it is a drastic measure and should be allowed only where the right of the moving party is clear and free from doubt." *Id.* "The purpose of summary judgment is not to try a question of fact, but rather to determine whether a genuine issue of material fact exists. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42–43 (2004). Orders granting summary judgment are reviewed *de novo*. *Olson v. Williams All Seasons Co.*, 2012 IL App (2d) 110818, ¶ 23.

¶ 14 The Act provides that "No person or owner of livestock shall allow livestock to run at large." 510 ILCS 55/1 (West 2018). It further provides that "no owner or keeper of such animals shall be liable for damages" caused by the running at large of such animals without the knowledge of the owner or keeper if the owner or keeper used reasonable care in restraining such animals. *Id.* Owner is defined as "any person who (a) has a right of property in an animal, (b) keeps or harbors an animal, (c) has an animal in his care, or (d) acts as custodian of an animal." *Id.* § 1.1. "To be a keeper of animals as that term is used in the [Act] requires more than the passive ownership of grazing lands." *Heyen v. Willis*, 94 Ill. App. 2d 290, 295 (1968). "[A]n individual must exercise some management, control or care for the animal to be a 'keeper.' " *Gahm v. Cave*, 194 Ill. App. 3d 954, 957 (1990).

¶ 15 Here, the facts are undisputed. The only evidence presented was deposition testimony. According to the deposition testimony, defendants did not own the cow and did not care for or control the cow. Gerald and Julia owned the land the cow had been on to graze but Fecke Farms,

5

Inc. did not. All of the testimony indicated that Denise and JR owned the cow, and they were responsible for caring for the cow. Essentially, the evidence showed that Gerald and Julia owned grazing land but had no other involvement with or control of the cow. Menard did not present any evidence to the contrary. There was simply no evidence presented to indicate that any of the defendants owned, cared for, managed, or controlled the cow. Thus, these facts are undisputed and there is no issue for which the trier of fact would need to weigh credibility or assess intent, as Menard argues. In sum, the undisputed evidence shows that Fecke Farms, Inc. had no ownership over the land or the cow, that Gerald and Julia did not own the cow, that none of the defendants managed, controlled, or cared for the cow, and that Gerald and Julia only had passive ownership of grazing land, such that none of the defendants could be considered a keeper under the Act. See *Heyen*, 94 Ill. App. 2d at 295. Therefore, summary judgment was properly entered in favor of defendants.

¶ 16                                    III. CONCLUSION

¶ 17          The judgment of the circuit court of Kankakee County is affirmed.

¶ 18          Affirmed.